No. 39.—ELIZUR L. NEWTON, plaintiff in error, *vs.* JOHN A. NUNNALLY, defendant in error.

[1.] A plaintiff having two executions which are liens on money, in the hands of the Sheriff, arising from the sale of defendant's property, cannot apply the fund to either fi. fa. at his option; but the law will appropriate the proceeds of the debtor's property, to the older lien.

Application for an *alias fi. fa.*, in Clark Superior Court, before His Honor, Judge DOUGHERTY, February Term, 1848.

The facts are contained in the judgment of the Court.

G. B. HAYGOOD, for plaintiff in error.

T. R. R. COBB, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Elizur L. Newton, as assignee, applied for an *alias* execution on a judgment in favor of Hartwell Jackson, Senior, *vs.* John A. Nunnally, James B. Davenport and Aaron F. Nunnally, the *original* having been destroyed. The application was resisted on various grounds, and among the rest, because it appeared from the

entries on the execution, that money enough had been raised by the Sheriff, under this *fi. fa.* from the sale of James B. Davenport's property, to satisfy the whole amount due thereon, and which, by the direction of Newton, was applied to another *fi. fa.* against Davenport, of younger date, in favor of the Georgia Rail Road & Banking Company, of which also, Newton was the owner. It was insisted that these facts showed that the judgment now sought to be enforced, was satisfied. The Court below rendered judgment against the motion, and it is conceived by us to be right, and therefore affirmed.

Where payments are made on private contracts, they are to be applied according to the understanding of the parties, where that can be ascertained. As a general rule, the debtor has a right to appropriate payments; if he does not, the creditor may. If neither does, the Jury will make the application under the direction of the Court; and we apprehend the general principle to be, that a fund in the hands of the Agents and Officers of the Court, and raised by legal process, will always be appropriated to the liens upon it, agreeably to their seniority. Chief Justice Marshall, in delivering the opinion of the Court in *Rankin & Schatzell vs. Scott,* 12 *Wheaton,* 177, says : " The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to satisfaction."

" Every judgment," say the Court in *Luckie vs. Lowndes,* 1 *Bay,* 213, "binds for the whole amount, agreeably to seniority. And it is the duty of the Sheriff, in any case where an execution comes to his hands, to sell so much of the defendant's effects as will pay off the sums due to the plaintiff, and to distribute the fund to the creditors agreeably to seniority." If he fail to do this, he will make himself personally liable.

The same Court, in *Greenwood vs. The Executors of Bocquet,* 2 *Bay,* 86, says: " There can be no doubt but that the Sheriff is bound to pay off all judgments on record, agreeably to their seniority ; and it has been so ruled in this Court, over and over again; and that it was immaterial from what source the money belonging to the defendant came into the officer's hands."

In *Westmoreland Bank vs. Ramey,* 1 *Watts,* 26, it was contended, as it is in this case, that inasmuch as the same person was the owner of both liens, and there was no other competitor for the fund, that the creditor had the right to apply the whole or any

part of it, to the junior lien.   But the Court say—"We are inclined to think that the plaintiff could not do this without the consent of the defendant, even if no other person were interested in the application of the money."   In the case at bar, it is stated in the record, that the money was applied by Newton to the satisfaction of the younger execution, without the knowledge or consent of Davenport, the defendant, whose property was sold to raise the fund.

And in 1 *Bailey*, 140, '2, it is adjudged that " A levy is a satisfaction of the execution, so far as to throw upon the plaintiff the burden of proving, either that it was insufficient, *or, that the proceeds were applied to the satisfaction of some prior lien,* or that it was rendered inoperative without his fault."

Applying this principle to this case, the record shows that this fund, raised by levy and sale under the *fi. fa.* of which an *alias* is prayed, while amply *sufficient* to discharge it, so far from being applied to a *prior* lien, was by the *consent* and *direction* of Newton, applied to a *younger fi. fa.*

Indeed, so far have the Courts enforced the doctrine that a levy of a *fi. fa.* upon sufficient personal property to discharge the same, amounted *prima facie* to a satisfaction, that it has been held that " *dismissing* a levy is an extinguishment of the lien, so far as other and *junior* liens are concerned ; it is a fraud upon younger judgment creditors."   5 *Hill's N. Y. R.* 377.   2 *Ibid*, 364.   11 *John.* 110.   17 *Ib.* 274.   5 *Cowen*, 392.

All the analogies of the law favor this doctrine.  Where frequent settlements of accounts, with debt and credit, are made between the parties, and balances carried forward to new account, and no appropriations have been expressly made by the parties, the *law* will appropriate the credits to the extinguishment of the *oldest* charges.   *McKenzie vs. Nevins,* 9 *Shep.* 138.   So where payments are made at different times, on account of goods purchased of the same creditor at different times, in the absence of instructions, the payments are to be appropriated to the goods *first* purchased, especially where a note has been given for them, on which there was a guaranty.   *Berghans vs. Allen,* 9 *Watts,* 386.

Reason, too, is on this side.   Legal liens will always be respected and preferred, unless equity requires their postponement. Suppose that Davenport, intermediate the dates of these judgments, had sold or mortgaged a portion of his property, would it

Newton *vs.* Nunnally.

not be unjust to allow money, arising from the sale of other por-
tions of his property, to be applied to a younger lien, which would
not disturb this contract, and leave open the older, which would
defeat the transaction? To avoid such injustice, as well as to
preserve all just rights unimpaired, Courts will see to it, that
money in its custody, or raised by its mandate, be appropriated to
the oldest lien against it. To hold that a judgment lien may be
used or withdrawn, after the money has been made upon it, at
the option of the plaintiff, is repugnant to every principle of sound
policy, and would open the widest door to fraud and oppression.
It would enable the creditor to buy up, at all times, at under value,
younger liens against his debtor. He has only to threaten to in-
terpose his older *fi. fa.* if the debtor's property be brought into
market, or actually to lodge it with the Sheriff, after the sale, and
he can purchase the junior incumbrance at his own price.

But he now withdraws the old execution, receives the full am-
ount due upon the younger, which he has obtained at a depreci-
ated sum, and proceeds to operate again in the same way upon
the process of the Court. It is due to justice to prevent, as far as
practicable, this kind of management, and to cut off the tempta-
tion to it. The principles of Equity respecting the application of
payments, are recognised at law so far as the nature of the pro-
ceedings will permit, and surely these will not allow and encour-
age such unconscientious advantages to be taken. The right giv-
en by law, of *prior* satisfaction to *prior* judgments, is intended to
be pursued in good faith. And no precedent should be establish-
ed which would put it in the power of one creditor to keep off
or buy up other creditors equally meritorious with himself.

Counsel for the motion protested against the right of the Court,
to examine into this question, upon an application for an *alias fi.
fa.* But we accord fully in the view taken by the presiding
Judge, namely, that as the object of the execution was to enforce
the judgment of the Court, that it would be absurd to lend its aid
for that purpose, provided it should be made satisfactorily to ap-
pear, that the judgment was already extinguished by payment,
whether that payment was by the act of the defendants, or by
mere operation of law.*

Note.—See the doctrine of Application of payments, fully discussed in 1 Am-
erican Lead. Cases, 141—153.—Rep.