Simmons *vs.* Cates *et al.*

JAMES P. SIMMONS, plaintiff in error, *vs.* LODAWICK M. CATES *et al.*, defendants in error.

1. The assignee of two judgments from different plaintiffs against the same defendant, on the older of which judgments there is a security, and on the younger there is none, must apply money raised by the sheriff from defendant's property to the older judgment. If he apply it to the younger, the surety is discharged *pro tanto.*

2. It makes no difference in principle if the assignee, being purchaser of the property sold by the sheriff, does not actually pay the money to him, but it is considered paid, and is applied to the junior judgment.

Assignment. Principal and surety. Levy and sale. Before Judge RICE. Gwinnett Superior Court. September Adjourned Term, 1875.

Reported in the opinion.

JAMES P. SIMMONS, for plaintiff in error.

F. F. JUHAN, by JACKSON & LUMPKIN, for defendants.

JACKSON, Judge.

Simmons bought from Hudson a judgment against Cates, with Culver, as surety on appeal, and he bought from Spence

a judgment against Cates with no security. Property of Cates was levied upon and sold, and Simmons bought it; and as he controlled both judgments, as assignee, he did not actually pay the money over to the sheriff but took a deed to the property from him and credited the amount upon the Spence *fi. fa.*, which is of younger date than the Hudson *fi. fa.* Subsequently Simmons sought to enforce the older *fi. fa.* against the surety, Culver. This was resisted on the ground that the application of the proceeds of the principal's property by the sheriff, and Simmons to the younger *fi. fa.*, was an act that injured the surety and released him. The court held the surety discharged by this act of Simmons, he excepted, and the question is before us for review.

Any act of the creditor, *either before or after judgment*, which injures the security, or increases his risk, or exposes him to greater liability, will discharge him: Code, section 2154. The act here complained of is the application of the fund brought by the sheriff's sale from the principal's property to a junior judgment, and the question is, did that act discharge the surety? In 4th *Georgia Reports*, 356, it is distinctly ruled that such a fund must be applied to the older *fi. fa.;* that it is not at the option of the plaintiff to apply it as he pleases, but that *the law* applies it to the older lien. In 11th *Georgia Reports*, 636, it was held that if an execution creditor, by his consent and direction, he having the older lien, allows a payment of funds in the sheriff's hands to be made to a junior *fi. fa.*, it *extinguishes* his older lien *pro tanto*, if third persons are prejudiced thereby.

Does the extinguishment of this older lien in this case hurt this surety? It certainly does. He would be entitled to control that judgment when he paid it off; but if he sought to enforce it against any third person who had bought the principal defendant's property since the lien attached, he would be met by the pleas that, as against such third person, the creditor in *fi. fa.* had, by this act, extinguished the lien of the judgment on which he was surety. Thus this act of the creditor, Simmons, in this case, by extinguishing this lien of

this older judgment, so far as third persons are concerned, has injured this surety, increased his risk, and exposed him to greater liability. This act, therefore, has, under section 2154 of our Code, discharged the surety. Of course, it does not matter that the money was considered paid, and not actually paid, Simmons owning both judgments, and being the purchaser at the sheriff's sale. It is enough that the fund was raised by sheriff's sale, and applied, by Simmons' direction and consent, to the junior lien.

Judgment affirmed.