## OXFORD *vs.* FORD.

Where a sale of land was made on installments with the condition that if the first installment was not paid the purchaser should pay a stipulated amount as rent, such contract alone did not create the relation of landlord and tenant prior to failure to pay the installment, and give the vendor the right to distrain for rent before the agreed time, on the ground that the purchaser was removing the crop from the land.

(*a.*) If the purchaser notified the vendor that he could not comply with his contract of purchase, and that he would have to return the land, and thus caused the relation of landlord and tenant to arise, still to authorize a distress warrant on account of removal of crops, it must have occurred after such change took place.

Distress Warrant. Landlord and Tenant. Contracts. Sales. Before Judge HOOD. Terrell Superior Court. May Term, 1881.

Reported in the decision.

L. C. HOYL, by brief, for plaintiff in error.

GUERRY & PARKS, for defendant.

CRAWFORD, Justice.

This suit arose on a distress warrant, sued out by the plaintiff in error before the debt was due, charging the defendant with removing and seeking to remove his crop from the premises. · A counter-affidavit was filed denying that the debt was due, or that the defendant was removing, or seeking to remove, the crops from the premises.

The case was decided on an agreed statement of facts, which were: That the plaintiff had contracted to sell the defendant the land upon which the crop was raised, and if the defendant should fail to pay the first installment, which fell due on November 1st, 1880, that then he was to pay 2,000 pounds of lint cotton for rent. That the defendant had removed the greater portion of his cotton when the plaintiff saw him on Saturday before the distress warrant was issued on Monday, and asked him what he was going to do about the land, to which he replied that he did not know, but would tell him the next day. In the evening of that day, the same being Sunday, he notified him that he would not take the place, and that the plaintiff would have to take it back. On the following morning the distress warrant was sued out. It was also further agreed that the defendant did not remove, and was not seeking to remove, his crop from the premises from the time of the notice on Sunday evening up to the time on Monday morning when the distress warrant was sued out.

To authorize a distress warrant for rent before due, the tenant must be seeking to remove his goods from the premises.

v 67—24

In this case, if the character of purchaser was changed at all into that of a tenant by the conversation between the parties on Sunday evening, then it is agreed that from that time to the suing out of the warrant no effort to remove the cotton was made. If that conversation did not change the relation of the parties to each other, then the warrant was wholly unauthorized by law.

Judgment affirmed.