836. STUBBS & COMPANY *v.* WADDELL *et al.*

1. In order for a landlord to have a lien upon his tenant's crop for supplies, the landlord must furnish the supplies. He may furnish the supplies directly, or he may order it done through others on his credit. For this purpose he may borrow money directly or through his agent; and although the note for the money may be signed by the tenant as principal maker, if the credit be extended by the lender to the landlord, whose authorized agent signs the note as security, this would not affect the landlord's lien for supplies; and it would not affect the right of the landlord that the agent signed his own name to the note instead of that of his principal, if, in so doing, he was acting for his principal, and not for himself, and this fact was known to both the lender of the

money and the tenant. What the truth of the matter is is a question for the jury, and on this issue the testimony of both lender and agent is competent and relevant.

2. No error of law appears, and the verdict is amply supported by the evidence.

Money rule, from city court of Polk county—Judge Irwin. October 14, 1907.

Argued January 21,—Decided April 22, 1908.

*Mundy & Mundy,* for plaintiffs in error.

*James & Hutchens,* contra.

HILL, C. J. The questions in this case arise on a rule to distribute money in the hands of the sheriff, realized from the sale of personal property of the defendant. Stubbs & Co. claimed the fund by virtue of an execution based on the foreclosure of a mortgage on the crops of the defendant, which mortgage had been given to them to secure advances to make the crops. Ella C. Waddell claimed the money for rent, the defendant being her tenant of the premises on which the crops were made. The jury found a verdict in her favor; and Stubbs & Co. filed a motion for a new trial, which was overruled.

On the trial of the case, it was conceded by Stubbs & Co. that the claim of Mrs. Waddell for rent was prior in law to the fi. fa. held by them based on the mortgage for supplies; but they insisted that two thirds of the claim for rent had been paid by the tenant. The entire amount of rent which the tenant had agreed to pay Mrs. Waddell for the farm was 1,500 pounds of lint cotton, and Stubbs & Co. claimed that all but 536 pounds of this lint cotton had been paid to Mrs. Waddell by the tenant, on the rent; and this amount of 536 pounds they tendered to Mrs. Waddell. The correctness of this contention is to be determined by the application of the proceeds of two bales of cotton which it is conceded the tenant had delivered to Mrs. Waddell. It is insisted that these two bales were delivered on the rent, and that if applied in payment of the rent, they would have reduced the balance due on this account to 536 pounds of lint cotton. Mrs. Waddell insisted, that these two bales were not applied in payment of the rent, but to the payment of a note for $75, which amount she, as landlord, had advanced to her tenant, under the statute, to make a crop for that year, and that her right as a landlord for these ad-

vances was superior to that of the lien of Stubbs & Company for advances. The testimony in behalf of Mrs. Waddell showed that this $75 had been borrowed by her through her agent, J. O. Waddell, as security for her tenant, Smith, from the Commercial Bank of Cedartown. Stubbs & Co. insisted that J. O. Waddell, in borrowing this $75, was not acting as her agent, but that the loan was made to Smith, the tenant, on his individual account, with J. O. Waddell as security. The proceeds arising from the sale of the two bales of cotton which were turned over by the tenant to Mrs. Waddell were applied by her agent, J. O. Waddell, first to the payment of this note for $75, due the Commercial Bank, and the balance was credited on the rent account. Whether the two bales of cotton were paid on account of rent or on account of this note, and whether this note was Mrs. Waddell's note, upon which she was liable, were questions of fact, and were solved by the jury in favor of Mrs. Waddell. If, as a matter of fact, the $75 note was for supplies which the landlord had furnished her tenant for the year, it would make no difference in law whether the proceeds from the sale of the two bales of cotton were applied to its payment, or to the payment of the rent, as Mrs. Waddell's lien in both cases would be superior to that of Stubbs & Co.; and, therefore, the only vital question in the case is as to the issue raised on this note. Waddell, the husband, testified, that he signed this note as agent for his wife, for the purpose of getting the money from the bank to advance to her tenant, the principal maker of this note, to pay for supplies in making the crop; that the credit was extended by the bank to him as the agent of Mrs. Waddell, the landlord, and not to the tenant, and that he sold the two bales of cotton turned over to him, as agent for Mrs. Waddell, for the purpose of paying this note, and that the balance arising from the sale he had put to the credit of the rent contract. There is some testimony in the record which indicates that this application of the proceeds of the two bales of cotton was an afterthought, springing out of the exigency arising from the failure of the tenant to pay his rent and his note to the bank and to pay Stubbs & Co. too. But the jury took the view contended for by Mrs. Waddell and supported by the testimony of her husband.

Much stress is laid by the plaintiffs in error on the fact that the $75 note given to the bank for the money furnished to Smith was

not signed by Mrs. Waddell. Her agent testified, that in securing the money for Smith, he was acting for her, and that this fact was known to both the lender of the money and to Smith, and that the bank extended the credit to him as her agent; and it appears on the face of the note that Smith, the maker thereof, was in fact her tenant. Whether this note was intended to bind Mrs. Waddell for money which she thus advanced to her tenant, or whether the note was the individual obligation of J. O. Waddell, and he signed it as security for Smith, and not as agent for his wife, were questions of fact, and parol testimony was properly admissible to show the truth of the transaction. Civil Code, §3039; *Raleigh & Gaston R. Co.* v. *Pullman Co.*, 122 *Ga.* 700 (50 S. E. 1008) ; *Scott* v. *Pound,* 61 *Ga.* 579; *Brimberry* v. *Mansfield,* 86 *Ga.* 792 (13 S. E. 132) ; *Burkhalter* v. *Perry,* 127 *Ga.* 438 (56 S. E. 631). In order to bind Mrs. Waddell on this note, it was not essential that her name should have been signed thereto. If J. O. Waddell was her agent for that purpose, and the money was advanced by the bank on the note with this understanding, it was advanced by her to the principal maker of the note as her tenant, and she would have a lien therefor as landlord, just as if she had signed the note herself. *Burkhalter* v. *Perry,* supra. On this question the note itself was relevant and competent testimony, as well as the testimony of J. O. Waddell. If, therefore, the jury believed that the note to the bank was made by Waddell as agent for his wife, and was for the purpose of advancing supplies to her tenant, her lien would be superior to that of Stubbs & Co., and it could make no difference if the proceeds of the two bales of cotton received by the tenant were paid on this note, or on her lien for rent.

The judge, in his charge, which is excepted to, we think aptly covered the law on this controlling question, when he told the jury, "if you believe that John O. Waddell was acting as agent for his wife in furnishing Smith, her tenant, with the $75 received from the Commercial Bank, then I charge you that she would have a lien superior to the mortgage of A. W. Stubbs & Co., and it would make no difference whether she applied the two bales of cotton received to the lien for the money furnished, or to the rent due her. I charge you she would have a right to apply it to either lien." The case of *Cofer* v. *Benson,* 92 *Ga.* 793 (19 S. E. 56), relied upon by the plaintiff in error, is distinguished from the one at bar on its

facts. In that case the landlord, with the consent of his tenant, applied the proceeds arising from the sale of a portion of the tenant's crop (which had been mortgaged to a third party, for supplies) to a claim of the landlord against the tenant, which was inferior to the mortgage lien, and the court held that this was an unlawful application, operating to the injury of the holder of the mortgage, and was satisfaction pro tanto of the lien for rent. In the present case the tenant owed the landlord the amount of two claims, both of which were superior to the claim of a third party for advances made to the tenant; and therefore rights of this third party were not affected by the manner in which the landlord applied the proceeds of the two bales of cotton, as between these superior claims.

We find no error of law committed by the court, and the verdict is supported by the evidence.          *Judgment affirmed.*