## 3725.  HODNETT *v.* MANN.

1. Where an owner of land contracts with another to sell it at a stipulated price, to be divided into instalments becoming due at specified times, and further stipulates that in the event the instalments are not paid when they mature, the owner shall be paid a specified sum as rental for the land, the legal effect of the contract is to create the relation of landlord and tenant between the parties, with an option to the tenant to purchase the land upon the terms and conditions set forth in the contract.

2. Where, after the execution of such a contract, and before the first instalment of the purchase-price becomes due, the parties mutually agree upon a rescission of so much of the contract as relates to a purchase of the land, the owner has a lien upon the crops grown upon the premises

·described in the contract, both for rent and for supplies furnished by him which were necessary to make the crop.

DECIDED MARCH 6, 1912.

Money-rule—appeal; from Coweta superior court—Judge R. W. Freeman. September term, 1911.

*T. F. Rawls,* for plaintiff in error.

*W. L. Stallings,* contra.

POTTLE, J. This was a money-rule. The contest was between the holder of a common-law fi. fa., issued in 1909, and the holder of a distress warrant, sued out in 1910 and claiming rent for that year. The judge awarded the fund to the holder of the distress warrant, and the judgment creditor' excepts. The facts were these: In January, 1910, Mann entered into a written contract with Georgia Peeples and Walt Peeples, under the terms of which he agreed to sell to the other parties a described tract of land for $800, to be paid in instalments. The first instalment was to fall due October 15, 1910, and the last instalment October 15, 1913. The contract further provided: "And it is further agreed that in the case the said Georgia and Walt Peeples fail to pay one or either of those notes as they come due, we agree to pay fifteen hundred pounds of middling lint cotton rent for that year, for the use of said farm. And upon payment of all of the above notes L. B. Mann agrees to make or cause to be made a good and sufficient title to said land." The contract was signed by all three of the parties. During the year 1910 Mann advanced to the two Peeples money and supplies necessary to make a crop. Early in the fall of 1910, and some time before October 15, the parties to this contract agreed on a rescission of so much of it as related to the agreement to purchase the land, leaving the contract standing as one of rental only. Mann received 1600 pounds of lint cotton which was grown on the premises in question, and, after paying for supplies which he had advanced to the persons who made the crop, he credited 880 pounds of cotton on the rent. The common-law fi. fa. was levied on the remainder of the crop, and Mann claims the proceeds arising from the sale, under his distress warrant, which· he duly foreclosed and placed in a constable's hands.

1. In *Perry* v. *Paschal,* 103 *Ga.* 134 (29 S. E. 703), Perry delivered to Sims a paper of which the following is a copy: "This is to certify that I have this day bargained to Jim Sims fifty acres

of land, off of the southeast corner of lot No. 20 in the 4th district of Terrell county, Ga　The road running from the Hayes place to Dorse Henry's being the line. I agree to make him a good title on his paying me $500. I agree to run said amount three years, provided he pays the rent promptly." In construing this paper the Supreme Court said. "While the paper evidencing the contract in the case under consideration is informal, it might be treated as a lease of the premises for three years, with the privilege to the lessee to buy at any time for the amount stated in the contract." Following the principle of this decision, the contract involved in the present case was one of rental, with Mann as the landlord and the other persons as tenants, with an option to the tenants to purchase the land upon the terms and conditions stated in the writing.

The contention of counsel for the plaintiff in error is that Mann had no right to claim rent under the contract until October 15, 1910, or at least until that portion of the contract relating to the purchase of the property had been rescinded. This contention is sound. *Oxford* v. *Ford,* 67 *Ga.* 362. In that case it was held that the landlord had no right to distrain for rent before the date on which the first instalment on the agreed purchase-price was due, or at least before the date upon which the purchaser had agreed to a rescission of that part of the contract. It is argued, upon the principle of this decision, that Mann was simply an ordinary creditor as to the money and supplies which he had advanced, and, being such, he had no right to apply any portion of the cotton to this unsecured debt so as to defeat the holder of the common-law fi. fa. Where a creditor holds both a secured and an unsecured claim, he can not appropriate the payment first to his unsecured claim, over the objection of another creditor holding a lien upon the property or the fund from which the payment is made　Such an appropriation by the creditor would in equity amount to a payment or extinguishment pro tanto of his lien. *Cofer* v. *Benson,* 92 *Ga.* 793 (19 S. E. 56) ; *Stubbs* v. *Waddell,* 4 *Ga. App.* 264 (61 S. E. 145).

2. But we do not think this principle has any application to the present case. The contract between the owner of the land and the persons who made the crop was primarily a contract of rent with an option to buy. The relation of landlord and tenant existed

between the persons, subject to' be terminated by the exercise of the option to buy the land and the payment of the first instalment due on the purchase-price. So much of the contract as related to the purchase of the land having been rescinded by mutual agreement, the relation of landlord and tenant never became terminated, and the landlord was entitled to his lien both for supplies and for rent. His claim for both being superior to the claim of the holder of the common-law fi. fa., he had a right, as against the holder of that fi. fa., to appropriate the cotton which had been delivered to him, first in satisfaction of the lien for supplies and advances, and to credit the remainder on the claim for rent. His claim for the balance of the rent being superior to that of the holder of the common-law fi. fa., the judge did not err in awarding the fund to the holder of the distress warrant.

*Judgment affirmed.*