DANIEL B. INGERSOLL

v.

SOMERS LAND COMPANY et al.

[Submitted November 12th, 1913. Determined December 11th, 1913.]

1. Where encumbered lands are sold to different persons at different times by conveyances intended to be free from the lien as between the grantees and the person holding the lien, the lands are chargeable in equity with the encumbrance in the inverse order of their alienation.

2. The rule that the equity to have assets marshaled will not be enforced to the injury of a third person does not apply where the third person has an inferior equity.

3. An equity to marshal assets is not inferior to the rights of liens subsequently acquired, unless such rights are held by innocent purchasers for value without notice of the existing equity, or are inherently superior thereto.

4. Complainant purchased a tract of land from one against whom defendant company held a judgment, without knowledge of the judgment, and the judgment debtor afterwards conveyed another tract to one who

subsequently executed a mortgage thereon to defendant company to secure a pre-existing debt, and defendant seeks to enforce its judgment against the land conveyed to complainant.—*Held*, in view of the fact that defendant was chargeable with notice of complainant's equity when it took the mortgage, and that the mortgage was to secure a pre-existing debt, defendant was not an innocent purchaser, and complainant could enjoin enforcement of the judgment against the land conveyed to him by the judgment debtor until it was first enforced against the land mortgaged to defendant.

On final hearing on bill to enjoin sale under execution.

*Messrs. Bourgeois & Coulomb,* for the complainant.

*Messrs. Godfrey & Godfrey,* for the defendants.

LEAMING, V. C.

The Somers Land Company was the owner of a judgment against one Kearns; Kearns was, at that time, the owner of several tracts of real estate; one tract was subsequently conveyed by Kearns to complainant by warranty deed, complainant not knowing of the existence of the judgment; Kearns subsequently conveyed another tract to one Knauer; Knauer subsequently executed a mortgage to the Somers Land Company to secure a pre-existing debt which he owed to that company. The Somers Land Company now seeks to enforce its judgment against the land conveyed by Kearns to complainant; complainant, as the first grantee of the judgment debtor, seeks to prevent the enforcement of the judgment against that land until it shall have been first enforced against the land of the judgment debtor which was, as stated, subsequently conveyed to Knauer, and by Knauer mortgaged to that company.

In this state the rule has always been recognized that when lands subject to an encumbrance are sold to different purchasers, in different parcels and at different times, by conveyances which are intended to be free from the lien of the encumbrance, as between the several grantees and the person holding the encumbrance, the lands are in equity chargeable with the encumbrance in the inverse order of their alienation. *Shannon* v. *Marselis, 1 N. J. Eq. (Saxt.) 413; Wikoff* v. *Davis, 4 N. J. Eq.*

(3 Gr.) 224; Weatherby v. Slack, 16 N. J. Eq. (1 C. E. Gr.)
491; Mount v. Potts, 23 N. J. Eq. (8 C. E. Gr.) 188; War-
wick v. Ely, 29 N. J. Eq. (2 Stew.) 82; Hiles v. Coult, 30 N.
J. Eq. (3 Stew.) 40; Powles v. Griffith, 37 N. J. Eq. (10
Stew.) 384; Gray v. Hattersley, 50 N. J. Eq. (5 Dick.) 206,
211; Daly v. Ely, 51 N. J. Eq. (6 Dick.) 105; Davis v. Pig-
gott, 56 N. J. Eq. (11 Dick.) 634; Jackson v. Condict, 57 N. J.
Eq. (12 Dick.) 522. The reason for this rule is fully disclosed
by an examination of the cases above cited. When the owner of
lands subject to an encumbrance sells a part of the land by a con-
veyance intended to be free from the lien of the encumbrance an
equity arises, in favor of the purchaser, to have the unsold land
first applied to discharge the encumbrance; the land remaining
in the grantor being primarily liable, it necessarily follows that
a subsequent purchaser of another part of the encumbered land
not only takes subject to the existing equity of the first purchaser,
but has a similar equity as to the part remaining unsold; when
the last parcel is sold the grantee of that parcel simply takes
subject to the prior equities.

In the present case, the controversy arises from the circum-
stance that after the conveyance to complainant of a part of the
land encumbered by the lien of the judgment owned by the
Somers Land Company, another part of the encumbered land
was conveyed to Knauer, who owed money to the Somers Land
Company, and that company thereafter took a mortgage from
Knauer to secure that debt. It is, therefore, urged in behalf of
the Somers Land Company that the present enforcement of the
equity of complainant to have the value of the Knauer tract ap-
plied on the judgment before the judgment is enforced against
complainant's tract will be operative to injure that company be-
cause it will lessen the security afforded by their mortgage on the
Knauer tract.

It has been frequently stated that the equity to have assets
marshaled will not be enforced when its enforcement is operative
to injure a third party; but such statements have no reference
to circumstances in which the third person injuriously affected
has an inferior right or equity. In Reilly v. Mayer, 12 N. J. Eq.
(1 Beas.) 55, a mortgage was executed to a mutual building

association and shares of stock of the mortgagor were at the same time assigned to the association as collateral security for the same indebtedness. Subsequently, the mortgagor executed a second mortgage on the same land to complainant. Subsequently, the mortgagor assigned his interest in the stock to a third party. Complainant, as holder of the second mortgage, sought to have the shares of stock applied to the payment of the first mortgage before the land common to both mortgages should be resorted to. It was held that complainant's equity could have been enforced but for the rights which had been acquired by the *bona fide* purchasers of the mortgagor's rights in the stock without knowledge of the existence of complainant's equity, but that the equity of complainant would not be enforced to the injury of such purchasers.

In *Herbert* v. *Mechanics Building and Loan Association, 17 N. J. Eq. (2 C. E. Gr.) 497,* substantially the same situation existed, except that the third parties, whose interests were to be injuriously affected by having the assets marshaled, were subsequent judgment creditors of the mortgagor with levies upon the mortgagor's interest in the collateral stock. It was held that subsequent judgment creditors could not be regarded as purchasers for value in the contemplation of a court of equity, and that the rights in the stock thus subsequently acquired by the judgment creditors would give way to the equity of the prior second mortgagee of the real estate to have the stock appropriated before the real estate was resorted to. "The rule established by these decisions," says the reported opinion, "will, upon examination, be found to be that the right of the creditor to marshal the assets of the debtor, is absolute as to the debtor himself, and that although it is subject to the legal and equitable claims of prior creditors, it cannot be impaired or in any respect injuriously affected by the intervention of those of later date." The following cases are to the same general effect and conclusively establish the principle that the equity to marshal assets will not be displaced by rights or liens subsequently acquired by others unless the subsequently acquired rights are those of innocent purchasers for value without notice of the existing equity or are inherently superior equities. *Phillips-*

*burg Mutual Loan and Building Association* v. *Hawk, 27 N. J. Eq.* (*12 C. E. Gr.*) *355;* Bergen Savings Bank v. Barrows, 30 *N. J. Eq.* (*3 Stew.*) *89;* Bacon v. Devinney, 55 N. J. Eq. (*10 Dick.*) *449;* Whittaker v. Belvidere Roller Mill Co., 55 N. J. Eq. (*10 Dick.*) *674, 689.*

In the present case, the subsequently acquired rights of the Somers Land Company were not rights constituting a superior equity. Not only was the Somers Land Company chargeable with notice of complainant's equity at the time they took their mortgage, but the mortgage was made to secure a pre-existing indebtedness of the mortgagor. Under such circumstances they cannot be regarded in equity as occupying the position of innocent purchasers for value. *Mingus* v. *Condit, 23 N. J. Eq.* (*8 C. E. Gr.*) *313;* Wheeler and Green v. Kirtland, 24 N. J. Eq. (*9 C. E. Gr.*) *552;* Pancoast v. Duval, 26 N. J. Eq. (*11 C. E. Gr.*) *445;* 2 Pom. Eq. Jur. § 749.

*Van Mater* v. *Ely, 12 N. J. Eq.* (*1 Beas.*) *271,* is relied on by the Somers Land Company. That case is an exemplification of the well-recognized principle that equity will not compel a creditor to resort to a common fund to his own prejudice. But in the present case defendant seeks to destroy complainant's equity by the acquisition of a lien on land conveyed by the judgment debtor to a third party subsequent to the conveyance to complainant, which lien was acquired for a pre-existing debt of the third party; in such case the equity of complainant is clearly paramount. The mere circumstance that the lien was acquired by the same person who owned the prior lien cannot impart to the lien so acquired any additional virtue or privilege. *Jones* v. *Maney, 75 Tenn.* (*7 Lea*) *341, 348;* Newton v. Nunnally, 4 Ga. 356, 358.

I will advise a decree enjoining the sale of complainant's land under defendant's judgment until the land of Knauer, which was purchased from the judgment debtor, is first sold under the judgment.