### 8149. FARMERS AND MERCHANTS BANK *v.* REEVES.

JENKINS, J. While the rights of third persons must be respected by a creditor in making application of payments to him by the debtor *(Newton* v. *Nunnally,* 4 *Ga.* 356; *Simmons* v. *Oates,* 56 *Ga.* 609; *Baumgertner* v. *McKinnon,* 10 *Ga. App.* 219 (2), 224, 73 S. E. 519), and while a creditor who holds both a secured and an unsecured claim can not appropriate a payment to him first to his unsecured claim, over the objection of another creditor holding a lien upon the property from which the fund of the payment was derived *(Cofer* v. *Benson,* 92 *Ga.* 793, 19 S. E. 56; *Leonard* v. *Fields,* 143 *Ga.* 479, 85 S. E. 315; *Stubbs* v. *Waddell,* 4 *Ga. App.* 264, 61 S. E. 145; *Hodnett* v. *Mann,* 10 *Ga. App.* 668, 73 S. E. 1082; *Fountain* v. *Fountain,* 7 *Ga. App.* 362 (2), 66 S. F. 1020), still, where it clearly appears that the secured creditor receiving the money paid it in the debtor's behalf to third persons holding claims against the latter, and had no interest in the payments and derived no benefit from them, and in good faith acted only as the agent of the debtor in the transaction, the principle of law stated above can not be made to apply. Nor would the analogous principle of law, embodied in section 6048 of the Civil Code of 1910 (which provides: "If the plaintiff in execution, for a valuable consideration, releases property which is subject thereto, it is a satisfaction of such execution to the extent of the value of the property so released, so far as purchasers and creditors are concerned"), operate, on principle, against such secured creditor, unless there was an express or implied release of the property to the extent of such payments and for a valuable consideration.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JUNE 14, 1917.

Exceptions to auditor's report; from Upson superior court—Judge Searcy. August 14, 1916.

*James R. Davis,* for plaintiff in error.

*Cleveland & Goodrich,* contra.