The Union Central Life Insurance Co. of Cincinnati *v.* Cherry et al.

(Decided March 23, 1931.)

*Mr. W. J. Beckley* and *Mr. O. Raudabaugh,* for plaintiff.

*Messrs. Loomis & Caris,* for defendant Anna F. Cherry.

*Mr. E. J. Cherney* and *Mr. Ward Sager,* for defendant Manley Chase, administrator.

Pardee, J. (of Ninth Appellate District, sitting by designation in the Seventh Appellate District.) This case is in this court upon appeal from a judgment of the Court of Common Pleas of Portage county, and the question presented involves the marshalling of liens upon real estate in a foreclosure suit, the dispute arising between Anna F. Cherry, a second mortgagee, and Manley Chase, administrator of the estate of Charles Cheney, deceased, a judgment lien creditor.

The plaintiff had a first mortgage for approximately $1,550 upon two parcels of real estate. The first parcel of 118.50 acres has been sold by the sheriff for $3,375, and the second parcel of 26.71 acres has been sold by the sheriff for $1,130.

Anna F. Cherry had a second mortgage upon the first parcel for $2,700, and the defendant, Manley

Chase, as said administrator, had a judgment lien for $3,500 upon both of said parcels, which judgment became a lien after both of said mortgages had been filed for record.

The second mortgagee prayed the court to require plaintiff to exhaust the avails of the second parcel, upon which she does not have a mortgage, before resorting to the avails of the first one, upon which she had her second mortgage, and said judgment creditor objects to marshalling the liens in accordance with her request.

The trial court marshalled the liens as prayed for by Anna F. Cherry, and entered judgment accordingly.

The doctrine of marshalling is a familiar one in equity, and grows out of the principle that a party having two funds to satisfy his demands shall not by his election disappoint a party who has only one of the funds upon which to rely, and where the funds are under the control of the court, the paramount creditors can be required at once to resort to the singly-charged fund.

The second mortgagee is a *bona fide* purchaser for value, but the judgment creditor does not occupy such a position (*Tousley* v. *Tousley,* 5 Ohio St., 78), and is not entitled to the privileges of that position; his lien upon the property is limited to the real interest of his debtor therein, and cannot rise higher or exceed that interest. *Miller* v. *Scott,* 23 Ohio App., 50, at page 59, 154 N. E., 358.

At the time the second mortgage was given, the mortgagee had a right to require the equity of marshalling to be carried out either by compulsion or by subrogation in her favor, and this right would

continue to exist unless taken away by one having an equal or superior equity. The judgment creditor not being a *bona fide* purchaser for value without notice, had an inferior equity to said second mortgage, and took his lien subject to the continuing prior rights of the second mortgagee, one of which was to have the liens marshalled as hereinbefore indicated.

"The rule that the equity to have assets marshalled will not be enforced to the injury of a third person does not apply where the third person has an inferior equity.

"An equity to marshal assets is not inferior to the rights of liens subsequently acquired, unless such rights are held by innocent purchasers for value without notice of the existing equity, or are inherently superior thereto."

*Ingersoll* v. *Somers Land Co.,* 82 N. J. Eq., 476, 89 A., 288.

A decree may be drawn marshalling the liens as prayed for by Anna F. Cherry.

*Decree accordingly.*

FARR, J., concurs.