### 45044. WILLIAMS v. LENDERMAN et al.

EVANS, Judge. The petitioners, having executed bonds as securities for a tenant bringing his counter-affidavits to distress and dispossessory warrants, brought this action against the holder of several judgments against the tenant in these pro-

ceedings, asking for a declaration of their rights, and setting forth that one petitioner is the security on the bond as to the older judgment obtained on one of the warrants; the other petitioner is security on the bond as to the next judgment obtained against this same tenant, said judgment being, in this instance, for $5,000. On the same date it is alleged that the defendant obtained a judgment against the same tenant for the sum of $10,000, but in this instance there was another security signing the bond, who is insolvent. The petitioners further allege that a sum was awarded to this defendant by the court from funds of the principal paid into court by reason of certain garnishment proceedings instigated by the defendants and others to pay these judgments; that he intends to apply the funds to the junior judgment and then cause garnishment proceedings to be instigated against the petitioner who is security on the bond of the tenant-principal as to the older judgment, but if the sum received by this defendant from the court was applied to the older judgment, the petitioner would be discharged on the bond executed by him, and that the remainder of the funds received should be applied to the judgment on which the other petitioner is security on the bond. The matter came on for a hearing, and the court rendered judgment in favor of the petitioners requiring the amount awarded previously from the garnishment proceedings to be applied first to the older judgment in a stated amount which would satisfy it. The clerk was ordered to mark it satisfied, with remainder to be applied on a pro-rata basis to the next two judgments. The appeal is from this judgment. *Held:*

1. Where there are several judgments for the same plaintiff against the same defendant in which there is a surety on each, all moneys received by the courts from defendant's property must be applied first to the older judgment. If the same is applied to the younger judgment, the surety on the older will be discharged. See *Newton v. Nunnally,* 4 Ga. 356; *Rushin v. Shields,* 11 Ga. 636 (56 AD 436); *Carr v. Benedict,* 48 Ga. 431; *Simmons v. Cates,* 56 Ga. 609; *Cofer v. Benson,* 92 Ga. 793, 794 (19 SE 56); *Bufford v. Wilkinson, Bolton & Co.,* 7 Ga. App. 443, 444 (67 SE 114); *Federal Land Bank of Columbia v. Bank of Lenox,* 192 Ga. 543 (16 SE2d 9). Since the rights of sureties are here involved and the funds received were collected through the

court by garnishment proceedings, the court did not err in declaring the rights of the parties by ordering the judgment creditor to apply the same, first to the older judgment, and pro-rata thereafter to the next two. See *Baumgartner v. McKinnon,* 10 Ga. App. 219, 224 (73 SE 519).

2. While defendant's answer admitted the second and third judgments were of the same date, yet he alleged the one reduced by one-half was on appeal (see *Williams v. Stancil,* 119 Ga. App. 800 (168 SE2d 643) (judgment affirmed)), and that there was no provision providing that all payments on either of these two judgments should be credited on both judgments. On the hearing of this matter the court below considered the case as if all the pleadings were admitted to be true, and no transcript of evidence is available. Accordingly, without any evidence to show otherwise, this court cannot rule that the lower court improperly pro-rated the remaining funds between the next two judgments based on the amounts of the judgments. It appears that the court, on equitable principles, made the proper pro-rata division of the remaining funds.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 13, 1970—DECIDED JANUARY 27, 1970.

*Hammond Johnson, Jr.,* for appellant.
*Telford, Wayne & Stewart, Joe K. Telford,* for appellees.