### In re WEST COAST OPTICAL INSTRUMENTS, INC.

### TOPCON INSTRUMENT CORP. OF AMERICA, Plaintiff–Appellant,

v.

### WEST COAST OPTICAL INSTRUMENTS, INC., NCNB Financial Services, Jack L. Johnston, individually and as Trustee, and Roberta Johnston, Defendants–Appellees.

No. 89–853–CIV–T–15A.
Bankruptcy No. 87–2574–8P1.
Adv. No. 87–420.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 2, 1992.

Don Mason Stichter, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for West Coast Optical Instruments, Inc.

Russell Seth Bogue, III, Holland & Knight, Tampa, FL, for NCNB Fin. Services.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for Jack L. Johnston.

## ORDER

RONEY, Senior Circuit Judge.

Appellant Topcon Instrument Corporation of America appeals from a Bankruptcy Court order denying Topcon's request to require the marshaling of the fixed assets of debtor West Coast Optical Instruments, Inc. Because injury to unsecured creditors does not provide a basis for the denial for a marshaling request, the order of the Bankruptcy Court is reversed.

West Coast Optical Instruments, Inc. (debtor) filed its Chapter 11 petition in May 1987. Jack L. Johnston is the founder of West Coast Optical, and served as an officer, director, and controlling shareholder of the debtor. Roberta Johnston served as an officer and director of the debtor.

Topcon holds a security interest in the debtor's inventory and accounts receivable. That interest is subordinate to an interest in the same collateral held by NCNB Financial Services (NCNB). NCNB also holds a security interest in certain fixed assets of the debtor. After the debtor filed its Chapter 11 petition, Topcon filed a complaint requesting the Bankruptcy Court to require marshaling of collateral. If granted, this request would have required NCNB to resort initially to assets unencumbered by Topcon's lien. Topcon would then be able to satisfy a larger portion of its indebtedness from assets upon which it has a second lien. As a result, there would be a diminution in the assets left available to the general unsecured creditors.

NCNB takes no position with respect to Topcon's request for marshaling. Marshaling would require only an accounting application of the fixed assets proceeds to NCNB's lien, and would not require NCNB to return any funds it has obtained through liquidation of the debtor's assets.

In its initial order of June 15, 1988, the Bankruptcy Court denied Topcon's request for marshaling based on Topcon's failure to show no prejudice to NCNB, the senior lienholder. Upon Topcon's Motion for Rehearing and Reconsideration, the court entered an order on April 19, 1989, finding no prejudice to NCNB. The court again denied the marshaling request, however, this time based on prejudice to the unsecured creditors. Topcon argues on appeal that the Bankruptcy Court improperly construed 11 U.S.C. § 544 to permit the denial of a marshaling request based on prejudice to the estate.

The conditions under which marshaling is generally applied are as follows:

1. two creditors of a common debtor,
2. two or more funds belong to that debtor, and
3. one creditor has the right to resort to either or both funds, while the other may resort only to one.

*Meyer v. United States*, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); *In re Computer Room, Inc.*, 24 B.R. 732, 734 (Bankr. N.D.Ala.1982). A few courts have denied marshaling requests upon a showing that

marshaling would be unjust to third persons. *See In re Spectra Prism Industries, Inc.,* 28 B.R. 397, 399 (9th Cir. BAP 1983) (marshaling not appropriate where it would prejudice the interests of the trustee in his capacity as a judicial lien creditor).

Section 544 of the Bankruptcy Code gives a trustee all powers available to a judicial lien creditor under state law. 11 U.S.C. § 544. A debtor-in-possession has all rights and powers of a trustee. *In re Harbor Pointe Office Park, Ltd., I,* 83 B.R. 44, 47 (Bankr.D.Colo.1988). A lien held by a trustee as a judgment creditor is limited to the real interest of the debtor. It generally cannot rise higher or exceed the interest held by the debtor. *Union Central Life Ins. Co. v. Cherry,* 39 Ohio App. 298, 177 N.E. 486 (Ohio Ct.App.1931). Injury to persons other than the senior lienholder is generally relevant only where the third person has a right or equity superior or equal to that of the person requesting the marshaling order. Marshaling is generally permitted where the third person injuriously affected has only an inferior right or equity to the creditor who seeks marshaling. 21 C.J.S. *Creditors and Debtors* § 111 (1990). Thus, "[s]ubsequent judgment creditors, as a general rule, cannot complain of marshaling of liens superior to theirs in point of time." *Id.*

The debtor's interest in the assets at issue is subordinate to the liens held by NCNB and Topcon. The debtor's interest is also inferior to Topcon's right in equity to have NCNB marshal its assets. Although the debtor may be injured by a marshaling order which would leave fewer assets available for distribution to unsecured creditors, it is not in a position to prevent the order from being issued.

The Bankruptcy Court relied on *In re Center Wholesale, Inc.,* 759 F.2d 1440 (9th Cir.1985), for the proposition that marshaling must be denied absent a showing of no prejudice to the unsecured creditors. The *Center Wholesale* decision interpreted a California statute that permits marshaling only " 'so far as it can be done . . . without doing injustice to third persons.' " *Id.* at 1446 n. 15 (quoting Cal.Civ.Code § 3433). The holding was based on a California state court decision

stating that the state statute entitles a judgment creditor to request a marshaling order. *Id.* at 1447 (construing *Shedoudy v. Beverly Surgical Supply Co.,* 100 Cal.App.3d 730, 161 Cal.Rptr. 164 (1980)). The *Center Wholesale* court found implicit in the *Shedoudy* decision the principle that a judgment creditor also has the power to block a marshaling order that would prejudice the bankrupt's estate. Prior to *Shedoudy,* the law in the Ninth Circuit permitted a junior lien creditor to procure marshaling of assets in spite of injury to the trustee. *In re Forester,* 529 F.2d 310 (9th Cir.1976).

Florida law lends little support to the Bankruptcy Court's decision that marshaling is inappropriate where the effect will prejudice or impair the rights of third parties with equities inferior to that of the junior lienholder. The only Florida authority upon which the debtor has relied is an 1895 decision which denied a request to order the senior creditor to resort first to otherwise unencumbered property which, although pledged as security, actually belonged to the wife of a partner of the bankrupt partnership. *State Bank v. Roche,* 35 Fla. 357, 17 So. 652 (1895). In that case, the court appeared to base its denial of the marshaling request as much on the common debtor rule as on any injustice to the third party. *Id.* 17 So. at 654.

Thus, the only case law that clearly requires the consideration of prejudice to the general unsecured creditors is firmly grounded in California state law. In light of the absence of such direction from the Florida courts or legislature, this Court declines to depart from the general principle that a party with interests inferior to that of the junior lienholder cannot object to marshaling. *See In re Larry's Equipment Service, Inc.,* 23 B.R. 132 (Bankr.D.Me.1982) ("Marshaling is not equitable if applied for the benefit of a trustee to the detriment of a secured and properly perfected junior lien creditor."); *In re McElwaney,* 40 B.R. 66 (Bankr.M.D.Ga. 1984) (purpose of section 544 is to protect the estate from secret, unperfected liens, not to benefit the trustee over a perfected junior secured creditor); *In re Mid–West Motors, Inc.,* 82 B.R. 439 (Bankr.N.D.Tex.1988) (invoking marshaling doctrine in favor of subor-

dinate lienholder and to detriment of unsecured creditors).  The judgment of the Bankruptcy Court dated April 19, 1989, is due to be REVERSED.

IT IS SO ORDERED.