No. 30.—JERNIGAN, LAWRENCE & Co., plaintiffs in error, *vs.* F. D. WIMBERLY, survivor, &c., defendant in error.

An instrument as follows, viz.—" We have this day sold to J. L. & Co. our entire crop of cotton, at 9 cents per lb. all round, and should they not realize that amount nett, we agree to make good the loss.—(Signed) D. M. L.—F. D. W." is the joint instrument and undertaking of the makers, D. M. L. and F. D. W., and is sufficiently certain and reciprocal to support an action, under proper averments and proofs, by either of the parties against the others.

The rule as to certainty is, that the agreement must be so certain and complete that each party may have an action upon it.

The omission of J. L. & Co. to subscribe the instrument does not invalidate it. Nor would that omission form any legal objection to an action against them for the stipulated price of 9 cents per lb. for the cotton thereby sold and delivered.

This was an action predicated upon the foregoing instrument, tried before Judge Alexander, in the Superior Court of the county of Stewart, at April Term, 1846.

For the facts and circumstances of the case, and the grounds of error alleged, the reader is referred to the opinion of the Supreme Court.

HENRY L. BENNING, for the plaintiff in error.

HINES HOLT, for the defendant in error.

*By the Court*—NISBET, Judge.

The action in this case was brought on the following instrument, to wit: " We have this day sold to Jernigan, Lawrence & Co. our entire crop

of cotton, at nine cents per lb. all round ; and should they not realize that amount nett, we agree to make good the loss. 13th Feb., 1838. I, D. M. Leseur, have sold Green Sims' crop upon the same conditions.

Signed,      DRURY M. LESEUR,<br>
F. D. WIMBERLY."

This instrument was tendered in evidence by the plaintiffs, to make out their case against F. D. Wimberly—Leseur, who had been also sued, having died. The defendant demurred to the testimony, upon two grounds :

1st. Because the instrument is void, for uncertainty.

2d. Because the instrument is the several, and not the joint, contract of the signers, and cannot, therefore, be sued upon jointly.

The court sustained the demurrer, upon both grounds ; to which decision the plaintiffs in error except ; and we think the exceptions well taken, and reverse the judgment.

And first, as to the second ground. There are two contracts on this small paper : one between D. M. Leseur and F. D. Wimberly and the plaintiffs, Jernigan, Lawrence & Co. ; and the other between D. M. Leseur and the plaintiffs. The latter is for the sale of Green Sims' crop of cotton, with which we have nothing to do. The action was brought against Leseur and Wimberly, to recover the loss on the sale of their crop of cotton. The language of the instrument is joint throughout. The words are, *we* have sold *our* entire *crop* (not *crops*) of cotton ; and *we* agree to make good, &c. The only inference that we can draw from this paper is, that it is a joint sale of one crop of cotton owned by Leseur and Wimberly jointly. There is not a word importing severalty in it.

This is an agreement for sale of cotton, or rather a contract of sale. We do not find it very fully or technically drawn. A good lawyer would scarcely have left it so uncertain. Yet we think it sufficiently certain to show the intention of the parties, and to be the foundation of this action. A contract is an agreement of two, or more, persons, upon sufficient consideration, to do, or not to do, a particular thing.—2 *Black. Com.* 442 ; 2 *Kent*, 449. Certainty and mutuality are necessary to a valid contract. The assent of the parties must be mutual. A contract must be founded on a consideration : without it, it is *nudum pactum ;* but the least consideration will create reciprocity, and make an agreement a valid contract.— 2 *Black. Com.*, ch. 30, *tit. Contract.* The rule as to certainty is, that the agreement must be so certain and complete, that each party may have an action upon it.—*Chit. on Con.* 4. Now, to apply these elementary principles to the agreement before us, premising, yet farther, that its not being signed by the plaintiffs does not make it invalid : the undertaking on the part of the plaintiffs is to pay Leseur and Wimberly nine cents per lb. for their cotton ; the consideration upon which that undertaking is founded is the receipt and ownership of the cotton. Now, that is quite consideration enough, in all conscience, to support a contract. Nor can it be doubted but that, after delivery of the cotton to Jernigan, Lawrence & Co., an action would lie in favor of Leseur and Wimberly against them for the price to be paid. The undertaking on the part of Leseur and Wimberly is to make good to Jernigan, Lawrence & Co. whatever loss they may sustain in the sale of the cotton ; that is, to pay them the difference between nine cents per lb. for the cotton and what they may realize upon it. The consideration moving them to this undertaking is the price of the cotton, at nine

cents per lb., agreed to be paid.   Upon this undertaking an action (the present action) will certainly lie against them.   We do not look into the pleadings—of course the declaration ought to contain all the averments, (and they ought to be proven,)—necessary to the plaintiffs' recovery upon this contract : such as payment of the price agreed upon, a fair sale of the cotton within a reasonable time, and the amount of the loss realized, &c. According to this analysis of this contract, it is founded on sufficient consideration, is sufficiently certain, and the benefits and obligations growing out of it are reciprocal.   It is not our business to inquire whether such a contract be sensible, or equal, or just.   The parties are made by the law the sole judges of these questions.   Mr. *Chitty* says : " It would be unwise to interfere with the facility of contracting, and the free exercise of the judgment and will of the parties, by not allowing them to be the sole judges of the benefits to be derived from their bargains ; provided there be no incompetency to contract, and the agreement violate no rule of law." —*Chit. Con.* 7.

We think the paper ought to have been admitted in evidence, and reverse the judgment of the court below.