6153.   POLHILL *v.* POSTAL TELEGRAPH-CABLE CO. *et al.*

1. In a suit against a telegraph company for damages on account of non-delivery of a telegram, where the plaintiff introduces in evidence the telegram, and on the back of it is printed a stipulation that "the company shall not be liable for damages, or statutory penalties, in any case where the claim is not presented in writing within sixty days after the telegram is filed with the company for transmission," it is incumbent upon the plaintiff, in order to make out his case, to show that this stipulation had been complied with, or that the company had waived it.

(*a*) This is true in an action ex delicto as well as in one ex contractu, when the plaintiff's right to sue rests upon his contract with the telegraph company, contained in the telegraph-blank. See *Hill* v. *W. U. Tel. Co.,* 85 *Ga.* 425 (11 S. E. 874, 21 Am. St. R. 166); *Western Union Tel. Co.* v. *James,* 90 *Ga.* 254 (16 S. E. 83); *Stamey* v. *W. U. Tel. Co.,* 92 *Ga.* 613 (18 S. E. 1008, 44 Am. St. R. 95); *Western Union Tel. Co.* v. *Waxelbaum,* 113 *Ga.* 1017 (39 S. E. 443, 56 L. R. A. 741); *Postal Tel. Co.* v. *Moss,* 5 *Ga. App.* 503 (63 S. E. 590); *Williams* v. *Central R. Co.,* 117 *Ga.* 830 (43 S. E. 980); Albers *v.* Western Union Tel. Co., 98 Iowa, 51 (66 N. W. 1040); Hart *v.* Western Union Tel. Co., 66 Cal. 579 (6 Pac. 637, 56 Am. R. 119, 1 Am. El. Cases, 734, 739); Western Union Tel. Co. *v.* Jones, 95 Ind. 228 (48 Am. R. 718, 719).

(*b*) The plaintiff's evidence failing to show that the above-mentioned stipulation had been complied with, or that it had been waived by the company, the grant of a nonsuit was not error.

2. The exclusion of the letter as complained of by the plaintiff, if error, was harmless.

3. Where a plaintiff has rested his case and a motion for a nonsuit has been made, and he then moves the court to be allowed to introduce other evidence, the reopening of the case for this purpose is within the sound discretion of the court, and such discretion will not be controlled unless it has been manifestly abused. In the present case this court can not say that the trial judge abused his discretion. See *Penn* v. *Georgia So. Ry. Co.,* 129 *Ga.* 856 (60 S. E. 172), and cases there cited.

DECIDED JULY 29, 1915.

Action for damages; from municipal court of Atlanta. November 5, 1914.

*Hines & Jordan,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman, R. W. Crenshaw, John K. MacDonald,* for defendants.

BROYLES, J.   The first headnote alone needs elaboration. It is

contended by the learned counsel for the plaintiff that as there was no allegation in the plaintiff's petition that written notice of the claim was given within sixty days, and that as neither of the defendant companies pleaded failure to give such notice within the required time, the question whether the plaintiff gave such notice to the defendants within sixty days is not in issue in this case; and the said counsel further declare that "in all cases where a nonsuit has been granted in this State, on the ground of failure to give notice (e. g. *Hill,* 85 *Ga.* 425, and *James,* 90 *Ga.* 254), it affirmatively appeared (doubtless on proper pleadings) that such notice had not been given; which clearly distinguishes this line of cases from the case at bar, where there was no evidence of failure to give such notice." The same counsel admit further that "if the plaintiff had put this question in issue by alleging the giving of notice, or if defendant had put it in issue by specially pleading it, then a nonsuit would have been proper, had the plaintiff failed to sustain this issue." From an examination of the original record in the *Hill* case, supra, we find that the plaintiff's petition (just as in the case at bar) contained no allegation that the notice of the plaintiff's claim was given within sixty days, and that the defendant telegraph company did not plead as a defense that such notice was not given within the required time; and yet in that case, in the trial court, counsel for the defendant company, after the plaintiff had introduced his evidence, moved for a nonsuit, "on the ground that, as appears from the evidence, no demand or claim for damages had been given in writing to said company or its agents, within sixty days, as required by the rules and regulations of the company, printed on the blank on which the message was sent," and the court sustained the motion and granted the nonsuit on that ground. The Supreme Court sustained this ruling, so far as it related to the failure of the plaintiff to make a written demand upon the company within the time specified, though the judgment granting a nonsuit was reversed, the reversal being solely upon the ground that the evidence submitted showed that the company, by the action of its agent, had waived the written demand or notice. As neither the letter admitted in evidence in the case at bar nor the one which was excluded by the court, nor both together, showed any waiver on this point by the defendant company, in our judgment the nonsuit was properly awarded.    *Judgment affirmed.*

RUSSELL, C. J., dissenting. I think the court erred in awarding a nonsuit. The plaintiff is always entitled to recover when he proves his case as laid. *Kelly* v. *Strouse,* 116 *Ga.* 872, 881 (43 S. E. 280); *Moore* v. *Central Ry. Co.,* 1 *Ga. App.* 514 (58 S. E. 63); *Pendleton* v. *Atlantic Lumber Co.,* 3 *Ga. App.* 714 (60 S. E. 377). In the performance of its public duties as a public-service corporation a telegraph company is liable for at least nominal damages upon proof of any failure to discharge such duties. *Glenn* v. *Western Union Tel. Co.,* 1 *Ga. App.* 821 (58 S. E. 83). The petition contained no allegation with reference to the written notice of claim for damages, which the contract required to be presented in writing within sixty days. There was no demurrer to the petition. There was no plea setting up, in defeasance of the plaintiff's right of action, the contention that no written claim for damages had been presented within the time stipulated. In the absence of demurrer and plea, the parties went to trial, waiving in open court, as I see it, any contention whatsoever in regard to the sixty-days notice of the claim for damages. A waiver can as well be implied from failure to demur and plead as from the circumstances referred to in the numerous cases decided by the Supreme Court and this court. The plaintiff proved his case as laid, and for that reason the award of the nonsuit was erroneous. Furthermore, in view of the defendant's failure to demur or plead as to the failure of the plaintiff to give written notice, it was, in my opinion, an abuse of discretion on the part of the trial judge to refuse to open the case and permit him to prove that he had given notice as required by the contract. See *Ellenberg* v. *Sou. Ry. Co.,* 5 *Ga. App.* 390 (63 S. E. 240).