*J. W. Haygood, Eldridge Cutts,* for plaintiffs.

*W. H. Horne,* for defendant.

---

### 7056.  HAYNES AUTO COMPANY *v.* TURNER.

A written order for an automobile, signed by a would-be purchaser, which stipulates that the car is to be delivered within certain dates designated therein, but in which the proposed seller's liability for failure to deliver the car is limited to the mere repayment of such part of the purchase-price as is paid as a cash deposit, is so lacking in mutuality as to be unenforceable.

DECIDED APRIL 25, 1916.

Complaint; from city court of Quitman—Judge Long. October 11, 1915.

*M. Baum,* for plaintiff.

*Bennet & Harrell,* for defendant.

RUSSELL, C. J.  The Haynes Auto Company brought a suit against S. M. Turner upon a written order given to it by him for a touring car. Omitting other parts (which for our present purpose need not be considered), the alleged contract, which desig-

nates itself a "retail order blank," states that the Haynes Auto Company is authorized to enter Turner's order for one automobile, for which he agrees to pay the sum of $1,575. He gave to the Haynes Auto Company a check for $250, payable to the "Haynes Automobile Company," as a cash deposit, liable to be forfeited as liquidated damages if subsequent payment was not made within fifteen days of notice that the car was ready for delivery. It makes no difference that this check, which was physically delivered to Haynes Auto Company, was payable to "Haynes Automobile Company." The proof might show that the check was so written at the instance and request of the Haynes Auto Company. Such transactions are not unusual. In any event, this is not the most vital point in the case; for, construing the plaintiff's entire petition together, it is plain that the action is not based upon the check, which was dishonored, but upon the contract proposed by the defendant and accepted by the plaintiff. The defendant demurred to the petition generally, and also upon special grounds. The trial judge dismissed the petition upon the general demurrer, which alleged that the petition set forth no cause of action, basing his ruling in the order of dismissal upon the specific ground that contract sued upon is unilateral.

We are of the opinion that the judgment is correct, and that the reason assigned therefor is sound; and therefore any necessity for considering other contentions raised by counsel is obviated. A written order directed to a corporation and accepted in writing by the president of the corporation, containing a written agreement to purchase a certain automobile at a specified price, and stipulating that the car is to be delivered to the purchaser within a definite period of time therein specified, without more, would be, by virtue of such acceptance, a contract binding upon the acceptor and enforceable by the proposer of the contract. A contract is not necessarily unilateral and void for want of mutuality merely because the liabilities of the opposite parties are not equal. A contract is unilateral only when only one of the contracting parties is bound to perform, and the rights of one of the parties thereunder exist only at the option of the other. A contract is not unilateral merely because, under the terms of the agreement, the benefits accruing to the respective parties are unequal. A contract is not unilateral when either party can compel the other to

perform his undertaking as stipulated under the contract. However, under the terms of the alleged contract upon which this action is based, the defendant could not force the plaintiff to deliver the car which he proposed to buy, nor recover damages had there been a failure to deliver; for, by reason of the stipulation that the liability of the Haynes Auto Company for failure to deliver was limited to the mere replacement of such part of the purchase-price as Turner might have paid, it was within the power of the Haynes Auto Company to hold Turner bound to accept delivery of the car, but not within the power of Turner to compel the Haynes Auto Company to deliver him a car. In other words, all the rights of the defendant rested in the caprice of the opposite party, and it was optional with it whether he had any rights, so far as the procuring of an automobile was concerned under the terms of the contract. The mere right to have refunded to him any money that he may have paid the plaintiff may be said to be a benevolent provision in his behalf, but it is not a stipulation facilitating the ostensible purpose of the contract, to wit, the purchase and sale of an automobile.     *Judgment affirmed.*