### 13718. COCHRAN v. GRAND THEATER COMPANY.

STEPHENS, J. 1. A written instrument which by its terms purports to be an agreement between certain parties, but which is void and unenforceable by reason of imperfect or defective execution in behalf of one of the parties, may nevertheless be subsequently ratified as to all of its terms and conditions, by reference thereto in a written instrument properly executed and binding upon the parties. This applies to an agreement to submit to the statutory award provided for in the Civil Code (1910), § 5030 et seq., which agreement to submit is required to be in writing signed by the parties or their agents.

2. Where a corporation which had regularly authorized three of its stockholders, by name, to enter into an agreement with another person to submit to arbitration certain matters in dispute between the corporation and such other person, an agreement in writing to arbitrate such disputed matters, subsequently made and signed by such other person and two only of the authorized stockholders as agents of the corporation, even if not binding between the corporation and such other person because not executed in behalf of the corporation by all three of the authorized stockholders as agents, or because such authorized stockholders, in executing the agreement to arbitrate, did not sign in their representative capacity as agents of the corporation, but did sign in their individual capacity only, is, despite its alleged invalidity on account of such defects in its execution, nevertheless fully and completely ratified in all of its terms and to all intents and purposes by a subsequent agreement in writing, executed by all three of the authorized stockholders of the corporation and such other person, referring to the former agreement to arbitrate and waiving further notice and hearing on the part of the arbitrators, and agreeing that the arbitrators may proceed with the arbitration. And where such written ratification and the first agreement in writing to arbitrate are in fact delivered to one of the arbitrators before the arbitration, the provision of the Civil Code (1910), § 5031, that the agreement to arbitrate should be delivered to one of the arbitrators, is complied with.

3. An agent when lawfully acting within the scope of his authority may bind his principal by a written instrument, especially if not under seal, although signed by the agent in his individual capacity only, where it appears from the instrument that the principal and not the agent was intended to be bound. See, in this connection, Civil Code (1910), § 3594; *Allen* v. *Montgomery*, 25 *Ga. App.* 817, 820 (105 S. E. 33); *Briggs* v. Partridge, 64 N. Y. 357 (21 Am. R. 617); 1 Am. & Eng. Enc. Law (2d ed.), 1050, 1051; 2 C. J. 674; *Merchants' Bank of Macon* v. *Central Bank of Georgia*, 1 *Ga.* 418 (44 Am. D. 665); *Cleveland* v. *Stewart*, 3 *Ga.* 283; *Raleigh & Gaston R. Co.* v. *Pullman Co.*, 122 *Ga.* 700, 709 (50 S. E. 1008). Such ratification agreement is sufficiently executed to be a binding obligation upon the corporation when signed by all three of the authorized stockholders of the corporation authorized to bind the corporation as agents, even though such stockholders when executing such agreement signed their names thereto

not in their representative capacity as agents of the corporation, but only in their individual capacity, where the agreement executed by them was not under seal, and the agreement to arbitrate, which was referred to therein and the terms of which were thereby ratified, disclosed the corporation as the principal for which the subscribing parties were acting as agents.

4. The arbitrators having thereafter made their award, which was in favor of the corporation, and returned it to the superior court, together with the original agreement to arbitrate and the agreement ratifying the same, both of which presumably had been delivered to one of the arbitrators prior to the arbitration, the exception thereafter filed in the superior court by the losing party, upon the ground that the agreement upon which the arbitrators acted was illegal and void in that it was not signed by the corporation but was only signed by the opposite party and two other parties in their individual capacities, which agreement together with the alleged ratification agreement both here appear as a matter of record, was without merit. Since it appears without dispute, from evidence unobjected to, introduced at the hearing in the superior court upon exceptions filed to the award of the arbitrators, that the three stockholders executing the ratification agreement had authority to act for and in behalf of the corporation in submitting the matter in dispute to arbitration, the judge of the superior court properly dismissed such exceptions and properly entered judgment in favor of the corporation against the opposite party upon the award of the arbitrators. See, in this connection, Civil Code (1910), § 5019 et seq.; § 5030 et seq.

*Judgment affirmed. Jenkins, P. J., concurs. Bell, J., disqualified.*
DECIDED FEBRUARY 8, 1923.

Arbitration and award; from Colquitt superior court — Judge Thomas. April 7, 1922.

*Hoyt H. Whelchel,* for plaintiff in error. *P. Q. Bryan, Hill & Gibson,* contra.