13259.   PALMER-MURPHEY CO. *v.* KIMBROUGH-VEAZEY CO.

13300.   PALMER-MURPHEY CO. *v.* ATKINSON.

13343.   PALMER-MURPHEY CO. *v.* SOUTHERN BROKERAGE & SEED CO.

Mutuality was not wanting in the contracts in question, which in all material respects are identical with the contract involved in the case of *Battle* v. *Smith*, 28 *Ga. App.* 760 (113 S. E. 235), and they were not subject to attack on any of the grounds of the demurrers.

DECIDED FEBRUARY 22, 1923.

Action for breach of contract; from city court of Madison — Judge Lambert. December 30, 1921.

*J. S. Reynolds, George P. Whitman,* for plaintiff.

*Anderson & Wood, M. C. Few,* for defendant.

*E. H. George,* for persons interested, not parties to the record.

Action for breach of contract; from city court of Madison — Judge Lambert. January 13, 1922.

*J. S. Reynolds, George P. Whitman,* for plaintiff.

*T. H. Burruss Jr.,* for defendant.

Action for breach of contract; from city court of Sandersville — Judge Goodwin. January 26, 1922.

*Evans & Evans,* for plaintiff. *Jordan & Harris,* for defendant.

BELL, J. In each of these cases the plaintiff in error sued the defendant in error upon an alleged breach of a contract which in all material respects is identical with that which was involved in the case of *Battle* v. *Smith,* 28 *Ga. App.* 760 (113 S. E. 235). Each case is brought here upon a bill of exceptions to the sustaining of a demurrer to the petition. In *Battle* v. *Smith,* supra, against the same attack as in these cases made, the contract was held to be valid. A petition for the writ of certiorari in that case was by the Supreme Court denied.

While, as against any possible future contingencies, the contract is highly protective of the seller without a corresponding protection to the purchaser, it is not lacking in mutuality, and therefore not void upon its face. Where the essentials of a contract are present and no rule of law appears to have been transgressed, the courts are powerless to interfere merely because in the respect indicated the agreement may be a harsh one. Following the ruling in *Battle* v. *Smith,* supra, the judgment in each of these cases is reversed. See *Haynes Auto Co.* v. *Turner,* 18 *Ga. App.* 22 (88 S. E. 717).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*