15824.  ASPIRONAL LABORATORIES INCORPORATED *v.* ROSENBLATT.

JENKINS, P. J.  1. Strictly speaking, a unilateral contract is one in which the obligation incurred rests upon only one of the contracting parties, for the reason that the consideration of the other party has already been fully executed; this, as distinguished from a bilateral contract, in which are embraced reciprocal duties and obligations; but the term unilateral is frequently and commonly employed to express a lack of mutuality.

2. The obligation of every bilateral contract, in order to be enforceable, must have the element of mutuality; and it is lacking when only one of the contracting parties is bound to perform and the agreement could not be enforced as against the other.

3. Where the contract is such as under the statute of frauds must be in writing in order to be binding, and there is nothing to take it out of the provisions of that statute, the writing, in order to evidence mutuality and consequently to be binding, must be "signed by the party sought to be charged therewith, or by some person by him lawfully authorized" (Civil Code, 1910, § 3222), and must also be signed or otherwise accepted by the opposite party. Generally speaking, "the object of a signature is to show mutuality or assent, but these facts may be shown in other ways." 13 C. J. 305, § 128. Thus, where the person sought to be charged has signed, and acceptance by the opposite party can be inferred by part performance of an entire contract or otherwise, the agreement is not necessarily rendered inoperative by the fact that both have not signed (*Linton* v. *Williams,* 25 *Ga.* 391; *Groover* v. *Warfield,* 50 *Ga.* 644; *Fraser* v. *Jarrett,* 153 *Ga.* 441, 110 S. E. 483; *Perry* v. *Paschal,* 103 *Ga.* 134 (1), 137, 29 S. E. 703; *Mendel* v. *Converse,* 30 *Ga. App.* 549, 552 (10), 118 S. E. 586), unless the instrument itself, as a condition to the validity of the agreement, that requires that both shall sign; in which event, in the absence of such mutual signatures, the contract as such can not be enforced, but the parties can only be held liable according to its terms, to the extent that it has been actually executed. *Atlanta Buggy Co.* v. *Hess Spring & Axle Co.,* 124 *Ga.* 338 (52 S. E. 613, 4 L. R. A. (N. S.) 431).

4. The contract here sued on related to an entire shipment and had been more than two thirds performed by each of the parties thereto. Consequently there could be no question that the agreement signed by the defendant had been accepted by the plaintiff. Nor does it lack mutuality because of the provision therein that the seller shall not be bound to "tender deliveries." This provision, when construed with its context, does not mean that the seller need not deliver the goods contracted to be sold, but that if the buyer shall fail to order out the goods during the intervals specified by the agreement, the seller shall not be required to make tender thereof. Nor is the contract wanting in mutuality for

the other reasons urged. While a contract may be "highly protective of the seller without a corresponding protection to the purchaser, it is not lacking in mutuality, and therefore not void upon its face. Where the essentials of a contract are present and no rule of law appears to have been transgressed, the courts are powerless to interfere merely because in the respect indicated the agreement may be a harsh one." *Palmer-Murphey Co.* v. *Kimbrough-Veazey Co.*, 29 *Ga. App.* 721, 722 (116 S. E. 542). The judge of the superior court did not err in sustaining the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 30, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. July 3, 1924.

The contract in question provided as follows:

"New York, June 23, 1920.

"Samson Rosenblatt, 89 Fulton St. Sold to Aspironal Laboratories, Atlanta, Ga.

"In duplicate.

"The following goods subject to terms and conditions as stated below:

"Article: Menthol.

"Quantity: Ten cases (60 lbs. net each case).

"Price and terms: $8.00 (eight dollars per lb.) per pound.

"Duty paid. F. o. b. New York. Terms net ten days.

"Packing: Standard.

"Shipments: Three cases to be shipped Sept. 1920.

"3 cases shipped.

"Four cases to be shipped Oct. 1920.

"4 cases 10/27/20.

"Three cases to be shipped Nov. 1920.

"Remarks. Payable in New York in U. S. coin or its currency equivalent. Seller reserves the right at its option either to cancel this contract or suspend further deliveries under it, in the event buyer fails to pay for any one delivery when same become due. Any quantity for which seller has not received shipping instructions at the expiration of time or times stipulated may at its option be cancelled. Seller shall not be bound to tender deliveries under this contract. Deliveries may be suspended, depending on any contingencies beyond the control of the seller, such as strike, lockout, fire, floods, accidents, war or the like, internal disorders, interference by civil or military authorities, a short supply of fuel or

raw material, or other causes preventing the manufacture or shipment of the article. Any deliveries so suspended may, at option of seller, be delivered at the same rate of delivery, commencing after the period assigned to this contract, but seller shall in no way be liable to buyer for any loss caused by such postponement of delivery. This contract is subject to any change in or construction of the tariff, and of revenue laws, or changes in cost of raw materials due to war or the like.

"Accepted:

"Per H. M. Alford, Pres. & Treas."

There was a general demurrer to the plaintiff's petition, on the ground that the alleged cause of action was based upon a void contract, or a unilateral contract. This ground was elaborated, and it was contended that the contract was unilateral and void because it was not signed by and accepted by the defendant; because it provides that the seller shall not be bound to tender deliveries under it; because it provides that at the option of the seller shipments may be suspended on account of certain things, including interference of "civil" authority (the courts for instance), and that further deliveries may at the "option" of seller be continued at the same rate; that the contract is void because it provides that it is subject to any change in the price of raw material; and that it is void because it is too vague and indefinite for the court to determine the rights of the parties under it. The judge of the municipal court dismissed the petition on this demurrer, and the judgment was reversed by the superior court, on certiorari.

*W. J. Laney,* for plaintiff in error.

*Carl Lancaster, Walter McDaniel,* contra.