### 19276. RETAILERS SERVICE BUREAU *v.* NEWMAN, FRIERSON & McEVER COMPANY.

JENKINS, P. J. 1. The court did not err in overruling the motion to strike the defendant's plea and answer. The suit having been based upon an instrument in writing signed by the defendant which was not an unconditional promise to pay, and a compliance on the part of the plaintiff with the terms of the agreement having been set forth by the petition, the defendant's denial of such compliance with the contract set forth a legal defense, even though the mere denial of the execution of the contract which formed the foundation of the suit was not sworn to.

2. "The test of mutuality is to be applied as of the time the contract is to be enforced; and if the promisee accomplish the object contemplated, then the promise is rendered valid and binding. A promise may be nudum pactum when made because the promisee is not bound, but it becomes binding when he subsequently furnishes the consideration contemplated by doing what he was expected to do." *Hall* v. *Wingate,* 159 *Ga.* 630 (2 *c*), 652 (126 S. E. 796); *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410). And partial performance of a contract "will satisfy the requisites both of mutuality and of the statute of frauds." *Fontaine* v. *Baxley,* 90 *Ga.* 416, 425 (17 S. E. 1015). Thus, where by a writing in the form of a letter signed by the defendant but not agreed to in writing by the plaintiff, the defendant ordered from the plaintiff a certain number of copies of a named publication to be furnished to the defendant for a period of six months, and agreed to make monthly payments stipulated even though the defendant should fail to "send in copy" and by such failure prevent the publisher from delivering the publication to the defendant, and where it appeared from the allegations of the petition that the contract was put in operation and fully performed by both parties during the first four months, and where by the allega-

tions of an amendment proffered by the publisher in a suit on the contract it appeared that the publisher prepared the publication for the remaining months in dispute at considerable expense, and sent the same to the defendant for the purpose of having the defendant prepare copy to be published therein according to the terms of the contract, and the defendant, in violation of the terms of the contract, refused to furnish said copy, the petition with the proffered amendment set forth such a part performance of the contract as would "satisfy the requisites both of mutuality and of the statute of frauds." The facts of the instant case are distinguishable from those in the cases of *Morrow* v. *Southern Express Co.*, 101 *Ga.* 810 (28 S. E. 998), *All Church Press* v. *Harris Adv. Ag.*, 36 *Ga. App.* 618 (138 S. E. 85), and *Garfunkel* v. *Byck*, 28 *Ga. App.* 651 (113 S. E. 95), relied upon by the defendant, in that in those cases no such part performance by the promisee, by doing what he was expected to do, as would furnish a consideration for the obligation of the promisor was set forth.

3. Under the foregoing rulings, the court erred in disallowing the proffered amendment, and in thereafter dismissing the suit.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JULY 13, 1929.

*T. G. Dorough,* for plaintiff.    *Jones & Reid,* for defendant.