21044.   FRIEDLANDER *et al. v.* SCHLOSS BROTHERS & COMPANY.

BELL, J.   1.   "A contract is an agreement between two or more parties for the doing or not doing of some specified thing." Civil Code (1910), § 4216. "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." Civil Code (1910), § 4106.

2. Measured by the foregoing rules, a writing providing that "in consideration of Schloss Brothers & Company shipping to us what they can

of any purchase or purchases we make of them, it is expressly stipulated and agreed that we will not cancel or return any goods and pay for them on the terms mutually agreed for each such sale without any deduction whatsoever," but which did not purport to bind the seller to sell or the buyer to buy, and which specified neither the class of goods to be bought, nor the kind, character, quality or quantity thereof, and did not stipulate the price to be paid or afford a basis upon which the goods to be bought and sold could be determined or the price arrived at, was too vague and indefinite to be capable of enforcement or to form the basis of an action.

3. While, as a general rule, that is certain which can be made certain, and partial performance of a contract will satisfy the requisites both of mutuality and of the statute of frauds (*Retailers Service Bureau* v. *Newman, Frierson & McEver Co.*, 40 *Ga. App.* 185, 149 S. E. 89), still the basis for rendering certain that which by the terms of the contract is uncertain must be afforded by the agreement (*Watkins Co. v. Harrison*, 31 *Ga. App.* 270 (2 *c*), 120 S. E. 432); and where a writing is so indefinite as to be incapable of enforcement as against either party, so that neither party could sustain an action thereon, as where the commodity, the price, the terms, and the time of delivery are not determined, and there is no obligation upon the person designated as seller to sell, and no obligation upon the person designated as buyer to buy, but all the elements essential to a contract of sale must thereafter be agreed upon, liability for the purchase-price of goods thereafter bought does not arise against the purchaser by reason of the written contract, but necessarily arises from the contract of sale subsequently entered upon.

4. Where a contract is such as under the statute of frauds must be in writing in order to be binding, and there is nothing to take it out of the provisions of that statute, the writing, in order to evidence mutuality and consequently to be binding, must be "signed by the party to be charged therewith, or by some person by him lawfully authorized" (Civil Code, 1910, § 3222), and must also be signed or otherwise accepted by the opposite party. *Aspironal Laboratories* v. *Rosenblatt*, 34 *Ga. App.* 255 (3) (129 S. E. 140). Thus, where, after the execution of the writing set forth in the second division of the syllabus, the defendants gave to the plaintiff's agent certain orders for goods, which were written by the agent on a printed form supplied by the plaintiff, but such form was not signed by either party, and the plaintiff thereafter acknowledged receipt of such orders and shipped the goods, which were accepted and received, the defendants, "the party to be charged" with liability for the purchase-price of the goods, not having signed such writing, no valid written contract existed between the parties, by reason of such facts, for the purchase and sale of the goods, although such an acceptance and receipt of the goods ordered would operate to take the transaction without the statute of frauds, so as to make it a valid and binding parol contract.

5. Under the foregoing rulings the liability of the defendants for the purchase-price of the goods sold was upon open account; and since the cause of action accrued more than four years prior to the filing of the petition, the plea of the statute of limitations should have been sustained.

*Judgment reversed. Jenkins, P. J. and Stephens, J., concur.*

DECIDED JULY 25, 1931.

648

*Waldo DeLoache, J. O. Gibson,* for plaintiffs in error.
*L. L. Moore,* contra.