23244. AMERICAN NATIONAL INSURANCE COMPANY *v.* LYNCH.

STEPHENS, J. 1. The terms of a written contract may be modified by a subsequent contract wholly in parol. The rule which prevents the modification of a written contract by matter in parol has reference to the engrafting of the parol matter into and as a part of the original contract. It has no reference to a subsequently created valid contract in parol which modifies a pre-existing written contract. *Elyea-Austell Co. v. Jackson Garage*, 13 *Ga. App.* 182 (79 S. E. 38).

2. Where, by the terms of a written contract, a soliciting agent for an insurance company, whose duty it is to collect premiums payable weekly, is entitled as his compensation to a commission of a certain percentage of the premiums collected, a new and distinct parol contract made afterwards between the parties, by which the percentage of the agent's commissions is increased, is not subject to the objection that it is matter in parol modifying the original contract. Where the consideration for the subsequent parol agreement is that the agent, in going about the business of collecting the premiums, furnishes his own automobile and pays for his own gas, the subsequent parol agreement constitutes a valid contract.

3. In a suit by the agent against the insurance company to recover commissions at the increased percentage as provided by the parol contract, it was not error to admit evidence establishing the parol agreement, upon the ground that it was there sought by parol to contradict or modify the written contract.

4. Whether or not the parol contract made between the plaintiff and the superintendent of the local branch office of the defendant insurance company was not binding upon the company, upon the ground that the agent of the company had no authority to make it, and that the written contract under which the plaintiff was employed provided that its terms and conditions as therein contained could not be altered except in writing by the president or the secretary of the company, yet where the de-

fendant insurance company, in its plea filed to the suit brought by the agent, admits an indebtedness to the agent in commissions at the increased percentage as provided in the parol contract, this admission, which is in judicio, is binding as a matter of law upon the defendant as establishing the parol agreement as a valid contract between the parties.

5. In this suit, in which the plaintiff seeks to recover of the insurance company the sum alleged to be due him as commissions earned under the parol contract, and also seeks to recover the amount of another alleged indebtedness, where the defendant admits owing the commissions under the parol contract, but, as a set-off, alleges that the plaintiff is due the defendant an amount representing premiums collected by the plaintiff and not paid to the defendant, and where there is evidence to authorize the inference that the plaintiff does not owe the defendant any sum as premiums collected from policy-holders, but that the defendant is indebted to the plaintiff in a sum as large as the amount found by the jury for the plaintiff, the verdict for the plaintiff is not without evidence to support it.

6. Where the written contract provides that no suit can be maintained by the agent against the company until after the expiration of ten days after service upon the president, or the secretary of the company, of a written statement of the agent's claim, the filing of such notice is not a condition precedent to the company's liability to the agent. The failure of the agent to give the notice before suit by him against the company to recover under the contract does not as a matter of law bar the agent from recovery. Where the agent fails to give notice before bringing suit, the suit is merely prematurely brought. In *Postal Telegraph-Cable Co.* v. *Moss*, 5 *Ga. App.* 503 (63 S. E. 590), and *Polhill* v. *Postal Telegraph-Cable Co.*, 16 *Ga. App.* 601 (85 S. E. 936), where it was held that a plaintiff in a suit against a telegraph company was as a matter of law barred from recovering damages for the failure of the telegraph company to deliver a telegram where the plaintiff had not before suit presented his claim within a designated period as provided by the contract, the contract provided, as an essential element of the defendant's liability, for the giving of the notice. These cases are clearly distinguishable.

7. Whether matter in abatement of the plaintiff's suit, in a case in the municipal court of Atlanta, where the amount claimed is not more than $500, as in the case now before the court, where the case is tried and proceeds under the practice obtaining in justice's courts as provided in section 37 of the act approved July 31, 1925, and amendments thereto, amendatory of the act of 1913 creating the municipal court of Atlanta (Ga. L. 1925, p. 370), can be insisted upon in the absence of a special plea in abatement, yet where the defendant, as was done in this case, filed a written plea and answer, as is expressly permitted under section 37 of the act cited, in which the defendant made a mere general denial of liability, and admitted an indebtedness to the plaintiff and pleaded a set-off, the defendant thereby restricted its defenses to the matters set up in the plea. Where the matter in abatement was not set up in the plea, or in any special plea otherwise filed, the defendant could not avail

itself thereof. *Johnson* v. *Dodge Manufacturing Co.*, 7 *Ga. App.* 231 (2) (66 S. E. 548); *Cooper* v. *Ricketson*, 14 *Ga. App.* 63 (80 S. E. 217); *Andrews Co.* v. *Dorsett*, 29 *Ga. App.* 321 (1 & 2) (115 S. E. 772).

8. The verdict found for the plaintiff was authorized, and no error appears. The appellate division of the municipal court of Atlanta did not err in affirming the judgment of the trial judge overruling the defendant's motion for a new trial.

*Judgment affirmed.* . *Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1934.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for plaintiff in error. *Robert T. Efurd, Mose S. Hayes,* contra.