27259, 27271. FOY *v.* LAMBERT *et al.;* and *vice versa.*

DECIDED MARCH 30, 1939.

*Y. A. Henderson, J. M. Lang,* for plaintiffs.
*Neel & Ault, J. G. B. Erwin,* for defendants.

PER CURIAM. John P. Foy sued out an attachment against Ray and J. B. Lambert. The amended declaration set out a contract which the plaintiff contends the defendants had breached in three particulars, and prayed for a judgment for $262.79 for one item, $3600 for another, and $788.40 for the third. The declaration alleged that the parties entered into a contract as follows:

"That, whereas, the first parties are rock crushers and as such have a contract to furnish Whitley Construction Company ten thousand tons of crushed rock at Ranger, Ga., within the next fifty days; and, whereas, second party has a quarry of rock suitable for use in filling said contract: Now, therefore, it is agreed that said first parties are to set up their rock-crushing machinery at said quarry, and to proceed to do all the things and take such steps as are necessary and proper in getting out the stone and crushing it and delivering it to the purchaser at Ranger, all to be done at the expense of first parties. The second party agrees to make satisfaction with owner of crop which is destroyed in erecting and operating said machinery, and in making road or roads to be used in hauling same. Said second party also agrees to put detour roads in reasonable condition (provided the road authorities fail to do so) for use in hauling said rock; and also to keep the same in reasonable condition. First parties are not to incur any expense in maintaining said road to be charged against Foy, without first notifying him or his agent of the fact that said road requires repairing, and his failure to repair the same. In that event only the first parties may incur reasonable necessary expense to keep said road in pass-

able condition, and charge same to Foy, but must promptly advise Foy or his agent of any such expense. The first parties do hereby agree to pay as royalty to said Foy the sum of fifteen cents on each ton of rock crushed, the same to be paid Foy as collected by the first parties, and to be his money and they to act as trustees in collecting same. Rock dust made to belong to Foy. It is further made a part of this contract that in event first parties secure contract to furnish additional rock that may be required to pave road still further north of the present project, that said first parties are to pay as royalty to said Foy on the same the sum of twenty cents per ton, and to be paid in the same way as is provided herein for the rock already contracted for. This contract is to be executed in every respect in Georgia, and is to be considered as a Georgia contract."

It alleged that the plaintiff, Foy, in pursuance of the contract, permitted the defendants to enter upon his land, run over and "destroy considerable" crops of his tenants and croppers, for which he had to pay, and that he put them in full possession of so much of his property as they required for the purpose of operating their rock-crushing equipment. It alleged that the defendants did not crush the 10,000 tons and deliver them at Ranger, but crushed and delivered only 4744.042 tons, and sued for fifteen cents per ton on the tons not crushed and delivered at Ranger, amounting to $788.40. The declaration further alleged that the defendants took from plaintiff's quarry 10,163.94 tons and delivered it at Oakman, Georgia, on which tonnage there was a balance due, at the contract price of twenty cents per ton, of $262.79. Recovery was also sought for $3600 in royalty on rock not crushed on the land of the plaintiff. This phase of the petition was stricken on demurrer. The plaintiff amended his petition by alleging that before the contract was entered into one paving project had already been let and that the rock therefor was to be delivered at Ranger; that other projects north of Ranger were contemplated, and that twenty cents per ton royalty was provided for in the contract for rock crushed for it or them; that the uncrushed rock on the land of the plaintiff was valueless, and that the measure of damage was fifteen cents per ton on the Ranger projects, and twenty cents per ton on the Oakman, or additional, project. The original demurrers to the declaration were renewed to the declaration as amended, and the demurrers to

the declaration as amended were overruled except as to the $3600 claim under the contract sued on. As to this the demurrer was sustained. Another amendment of the plaintiff seeking to reform the contract was disallowed. After the introduction of evidence the court directed a verdict for the plaintiff for the sum of $262.79, one of the amounts sued for under the contract, which was in effect a direction of a verdict against the plaintiff for the other amount sued for. The plaintiff excepted to the disallowance of his amendment which sought to reform the contract (which has been abandoned), and to the direction of a verdict against him for the other amount sued for, and to the sustaining of the demurrer to the $3600 claim. The defendants excepted by cross-bill to the overruling of their demurrers to the declaration.

■ The court properly struck that part of the petition seeking to recover "royalty" on rock crushed upon other than the plaintiff's land. The contract is unambiguous in this respect, and obviously it was not in the contemplation of the parties that the defendants should pay the plaintiff for rock not crushed on his land.

■ The rock crushed and delivered at Oakman was supplied under the second provision of the contract, and as to such rock the contract was completely performed by both parties except the payment of five cents per ton on the price by the defendants. For this amount the court directed a verdict for the plaintiff, to which no exception was taken.

■ The contract does not bind or require the defendants to take or crush 10,000 tons of rock for the Ranger project, and there was, therefore, no violation of the contract by the defendants in failing to take that amount of stone for that project. If there had been any obligation on the part of the defendants to take any stone from the plaintiff's quarry, the defendants were to pay so much upon each ton of rock crushed when the defendants made collections from Whitley. The contract stated that the defendants were to pay fifteen cents on each ton of rock crushed, this to be paid to plaintiff when collected by the defendants from Whitley. The 5255 tons sued for at fifteen cents per ton were not crushed, or paid for by Whitley to the defendants. Until this was done, it seems that under the facts as alleged any suit by plaintiff against the defendants would be premature. In other words, the contract

■

says Foy was to be paid by the Lamberts for the stone crushed when they were paid by Whitley.

█ The demurrers of the defendants to the declaration as amended were properly overruled except the demurrer to the allegation in which the plaintiff sued to recover for the stone not crushed by the defendants.

It was not error for the court to direct the verdict for the defendants for the claim for the unpaid purchase-price of the rock not crushed and not delivered at Ranger, or to overrule the motion for new trial. It was not error to sustain the defendants' demurrer to the declaration as to rock crushed on land other than that of the plaintiff. The court erred in overruling the demurrer to the allegations of. the petition in which the plaintiff sought to recover for the stone which the defendants did not crush and take. The court having erred in overruling this demurrer, it was not error to direct the verdict for the defendants on this item.

*Judgment affirmed on the main bill of exceptions; reversed on the cross-bill. Stephens, P. J., and Sutton, J., concur. Felton, J., dissents.*

FELTON, J., dissenting. In my opinion this contract is not one which can be said to be lacking in mutuality for the reason that while it was still executory there was a consideration for the Lamberts' promise to take and pay for the rock to be delivered at Ranger, and that was Foy's promise to pay for the damages to the crops. However, it is immaterial whether this is true or not, for the reason that if the contract is considered as a continuing offer on the Lamberts' part, Foy accepted the offer and performed every act that would have been required of him if he had obligated to perform them at the outset so as to make the contract binding on him in its executory stage. If Foy had signed a contract which would have bound him before execution, he would simply have agreed that, in consideration of the Lamberts' promise to take and pay for the rock in the time provided, he would permit them to go on his land and place them in position to crush the rock and not interfere with them until they had finished, and pay for the damaged crops. If he had signed such a contract, he could enforce it whether the Lamberts went on his land or not, if he offered to perform his part. The law, as I understand it, with reference to this kind of contract, is that if the person to whom the offer is made accepts

the offer by doing all that is expected of him, to wit: all that could have been exacted if he had signed a binding contract obligating himself by an acceptance by means of agreement, the contract becomes executed so far as he is concerned, the consideration and mutuality at first lacking is supplied, and the contract becomes a unilateral contract which may be enforced against the party making the offer and not performing his part. In this view I think the contract constitutes an offer on the part of the Lamberts to take 10,000 tons of rock from Foy, and pay him fifteen cents a ton, for the purpose of delivering it at Ranger, if Foy would pay for the crop damage and permit them to enter upon the land and be allowed to crush the rock. Foy accepted the proposal by permitting them to go upon his land and allowing them to stay there for the purpose of crushing the rock. As I see it, this is all that Foy could have possibly done. He was not to dig the rock, or load it, or help crush it. He was not to watch the operation. When he gave possession of the premises his part of the bargain was at an end, except that he was not to undo what he had done, which he did not.

It is true that the contract provided that the Lamberts were to pay for the rock when Whitley Construction Company paid the Lamberts. The Whitley contract provided when it would pay the Lamberts, and I think that all this provision means is that the time for payment is adopted from the Whitley contract and not that it made the obligation to pay dependent absolutely on the payment by Whitley. Assuming, however, that it does make payment dependent on payment by Whitley, that provision could not figure in this case under the facts because the payment by Whitley, or nonpayment, does not figure in the cause of the alleged breach of contract. It must bear some legal and logical relationship to the justification for the breach in order to be of advantage. To say that the Lamberts could arbitrarily refuse to crush the rock, and defend the breach on the ground that Whitley had not paid for it, would be too absurd an argument to be considered. The Lamberts contend that the Whitley contract should be considered a part of the one sued on, and that its terms show that their contentions are correct. The very opposite seems to me to be true. Considering the Whitley contract a part of the one sued on, the Whitley contract shows that there was but one definite contract for paving. It was named and numbered. It shows that Whitley

agreed to take 10,000 tons of rock for the Ranger project. It is true that there was a provision for the furnishing of rock at Oakman, but the provision was inserted in anticipation of the letting of another contract to Whitley, and Whitley did not bind itself to take any rock from the Lamberts for the Oakman project. The same is true in the contract sued on. The only obligation to take rock was in connection with the project already let, that at Ranger. The provision as to the Oakman project was merely an anticipatory provision, put in for reasons of precaution. Under the following authorities, I think the Lamberts' demurrers to the amended petition were properly overruled, and that the direction of the verdict in favor of the Lamberts for the rock which they agreed to crush for Ranger, and did not crush and pay for, was error. *Peeples* v. *Citizens National Life Insurance Co.*, 11 *Ga. App.* 177 (74 S. E. 1034) ; *Retailers Service Bureau* v. *Newman Co.*, 40 *Ga. App.* 185 (149 S. E. 89) ; *Lindsay* v. *Warnock*, 93 *Ga.* 619 (21 S. E. 127) ; *Fontaine* v. *Baxley*, 90 *Ga.* 416 (17 S. E. 1015) ; *Battle* v. *Smith*, 28 *Ga. App.* 760 (113 S. E. 235) ; *Palmer-Murphey Co.* v. *Atkinson*, 29 *Ga. App.* 721 (116 S. E. 542).