32295.   BRITTAIN *v.* RUSSELL.

Decided February 11, 1949.   Rehearing denied March 4, 1949.

*Emmett B. Cartledge Jr.*, for plaintiff.
*Dan S. Beeland*, for defendant.

SUTTON, C. J. (After stating the foregoing facts.) The petition shows that the owner of certain described property listed it for sale with the plaintiff, a real-estate broker, at a cash price of $15,750, and that the plaintiff within four or five days thereafter showed the property to the defendant as a prospective purchaser, who signed a written contract to purchase the property for $13,500, cash, and this offer was accepted by the owner, who also signed the contract. This contract was signed by the owner as seller, by the defendant as purchaser, and by the plaintiff as agent, and stated that the undersigned seller agreed to sell and the undersigned purchaser agreed to buy, through the plaintiff as agent, the described property, and that "The agent in negotiating this contract has rendered a valuable service and seller agrees to pay agent's commission in accordance with the schedule printed on the reverse side hereof. If sale is not consummated due to default of purchaser, seller shall not be obligated to pay any commission, but purchaser hereby agrees to pay said commission to said agent." The contract also stated that the purchaser had paid to the seller's agent (the plaintiff) $1000, as earnest money to be applied as part payment on the purchase-price of the property, and if the sale was not consummated due to the purchaser's default, this money was to be applied to the agent's commission and the balance to the seller's damage caused by the purchaser's default. But if a sale was not consummated for reasons other than the purchaser's default, then the earnest money was to be refunded to the purchaser. This was a valid contract and could have been enforced by either the seller or purchaser. It was not

a unilateral contract as contended by the defendant. In this connection, see *Palmer Brick Co.* v. *Woodward,* 138 *Ga.* 289 (75 S. E. 480); *Crawford* v. *English,* 26 *Ga. App.* 563 (106 S. E. 621); *Aspironal Laboratories* v. *Rosenblatt,* 34 *Ga. App.* 255 (129 S. E. 140). In *Haynes Auto Co.* v. *Turner,* 18 *Ga. App.* 22 (88 S. E. 717), cited and relied on by the plaintiff in error, the total liability of the plaintiff was limited in the contract to a return of the money paid, and there is no such limitation in the contract here involved. A contract is not unilateral when either party thereto can compel the other to perform his obligations under the contract. The plaintiff as a real-estate broker had earned his commission when he negotiated the transaction between these parties which resulted in the making of the binding sales contract between them. Had the trade been consummated, the seller would have been liable to the plaintiff for his commission; but, under the terms of the contract here involved, where the sale was not consummated due to default of the purchaser, as was alleged in the petition, the purchaser was liable to the plaintiff for his commission. The purchaser obligated himself to pay to the plaintiff (agent) his commission, in the event the sale was not consummated due to his default, and the plaintiff's action is based on this provision of the contract. The plaintiff signed the contract with the seller and the purchaser, and is entitled to enforce the provisions of the contract with reference to his commission as a real-estate broker. See *Knowles* v. *Haas & Dodd,* 70 *Ga. App.* 715 (29 S. E. 2d, 312); *Brown* v. *White,* 73 *Ga. App.* 524 (37 S. E. 2d, 213). The trial judge erred in sustaining the general demurrer and dismissing the plaintiff's action.

*Judgment reversed. Felton and Parker, JJ., concur.*