42992.   COOPER v. G. E. CONSTRUCTION COMPANY.

ARGUED SEPTEMBER 5, 1967—DECIDED OCTOBER 30, 1967—REHEARING DENIED NOVEMBER 20, 1967—

692

*J. E. Wilson,* for appellant.

*Mitchell, Clarke, Pate & Anderson, Paul H. Anderson,* for appellee.

EBERHARDT, Judge. ■ There is a suggestion that plaintiff's remedy was by way of reformation of the amendments to the contract so that all would appear to have been executed by the defendant, G. E. Construction Company. While this may have been desirable, it is doubted that equity would entertain the action inasmuch as we find a remedy at law to exist.

The fact that the original contract was entered into between and executed by the corporation, G. E. Construction Company, and the individual, Cooper, and that recitals in each of the

amendments thereto indicate that they were negotiated between the corporation and the individual, and that the amendments were signed by the president of the corporation *who had executed the original contract in its name and on its behalf,* is sufficient to show an intention on the part of the parties that the amendments be obligations of and binding upon the corporation. Certainly this, together with the allegations of the petition that the amendments were entered into between the corporation as the contractor and the individual for whom it was to build a house, and that it did enter upon performance of its obligations under the contract as thus amended, is sufficient as against a general demurrer to show that the corporation was obligated. *Raleigh & Gaston R. Co. v. Pullman Co.,* 122 Ga. 700 (9) (50 SE 1008). And see *Merchants Bank of Macon v. Central Bank of Ga.,* 1 Ga. 418 (44 AR 665); *Stubbs & Co. v. Waddell,* 4 Ga. App. 264, 267 (61 SE 145); *Allen v. Montgomery,* 25 Ga. App. 817 (2) (105 SE 33); *Cochran v. Grand Theater Co.,* 29 Ga. App. 481 (3) (115 SE 926); *Dorsey v. Rankin,* 43 Ga. App. 12 (157 SE 876). "Recovery may be had against a railway company upon an obligation signed merely by one describing himself as 'president,' upon proof that both parties to the contract understood that it was the obligation of the railway company, and that the company received the consideration furnished by the other party, and either authorized the execution of the contract in its behalf or ratified it thereafter." *Ocilla Southern R. Co. v. Morton,* 13 Ga. App. 504 (1) (79 SE 480).

The obligation to build a house is not one required to be under seal, nor was the original contract or either of the amendments executed under seal. Mr. Green, as president of the corporation "is its alter ego, presumably in charge of its affairs and with the power to act for it within the scope of its ordinary business and his usual official duties." *Franklin Savings & Loan Co. v. Branan,* 54 Ga. App. 363, 366 (188 SE 67). While "a president of a corporation, merely in virtue of being such, has not power to bind the company by a contract, . . . power in the president to contract for a corporation may be inferred from a course of dealings, or it may ratify his acts." *Potts-*

*Thompson Liquor Co. v. Potts,* 135 Ga. 451, 460 (69 SE 734). Whether the recitals and allegations here are sufficient to show a "course of dealings," they are enough to show a ratification.

■ The object of securing signatures of the parties to a written contract is, of course, to take it out of the Statute of Frauds and to afford mutuality so that it may be enforced. *Aspironal Laboratories v. Rosenblatt,* 34 Ga. App. 255 (2) (129 SE 140); *Robinson v. Belcher,* 37 Ga. App. 412 (140 SE 412). But this is not the only manner of obtaining mutuality. If one of the parties has not signed, his acceptance is inferred from a performance under the contract, in part or in full, and he becomes bound. *Aspironal Laboratories v. Rosenblatt,* supra; *Loewenherz v. Weil,* 33 Ga. App. 760 (127 SE 883); *Retailers Service Bureau v. Newman, Frierson & McEver Co.,* 40 Ga. App. 185 (149 SE 89); *Friedlander v. Schloss Bros. & Co.,* 43 Ga. App. 646 (159 SE 870); *Virginia Lumber Corp. v. Williams Tie Co.,* 44 Ga. App. 618 (162 SE 723); *Watson v. Atlanta Joint Stock Land Bank,* 56 Ga. App. 10 (192 SE 72). It is axiomatic that performance, whether in part or in full, relieves an oral contract from the operation of the Statute of Frauds. *Code* § 20-402. And part performance will satisfy the requisites both of mutuality and of the Statute of Frauds. *Friedlander v. Schloss Bros. & Co.,* supra.

Certainly, if not already so, the obligations of G. E. Construction Company as contained in the contract as amended became binding when it subsequently furnished the consideration by performing what it conceived to be its obligations under them. *Fontaine v. Baxley,* 90 Ga. 416, 425 (17 SE 1015); *Hall v. Wingate,* 159 Ga. 630 (1c) (126 SE 796). This is a principle of long standing. See *Jernigan, Lawrence & Co. v. Wimberly,* 1 Ga. 220.

The terms of a written contract (here the contract of September 27, 1962, with plans and specifications attached) may be modified by a subsequent contract wholly in parol. *American Nat. Ins. Co. v. Lynch,* 49 Ga. App. 580 (1) (176 SE 546). This applies to a building contract, such as we deal with here. *Bailey v. Martin,* 101 Ga. App. 63 (112 SE2d 807). And see *Morrison v. Roberts,* 195 Ga. 45, 46 (2) (23 SE2d 164). Of course there must be some performance to afford the necessary mutuality or to take it out of the Statute of Frauds.

A contract partly executed by a corporation, though ultra vires, will be enforced where it has received benefits thereunder in its corporate capacity. *Corbin Supply Co. v. Loftis*, 50 Ga. App. 309 (178 SE 185). There is, of course, no claim of ultra vires here.

Though the supplemental or amending contracts were signed improperly (only by the corporate contractor's president) it is our view that they are binding on it. Since it is settled that even if not otherwise, these would have been binding under a performance or part performance without any signature on behalf of the corporate contractor, thus treated as if they had been wholly in parol, we can see no reason why they became less so because the contractor's president affixed his name thereto— once as President of G. E. Construction Company, and once simply individually.

*Judgment reversed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen, Quillian and Whitman, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. The amended contract showed that it was executed by two individuals. In my judgment the plaintiff's pleadings do not authorize a conclusion that the plaintiff seeks to recover on the theory adopted by the majority—a construction in favor of the pleader on demurrer which is contrary to the rule in Georgia. *Ford Motor Co. v. Williams*, 219 Ga. 505 (134 SE2d 32). The majority ruling violates the parol evidence rule in that an individual's signature cannot be construed to be that of a corporation in the circumstances of this case. The sole remedy is reformation, if in fact the mutual intent was to have a contract between an individual and a corporation. If the parties so desired, they could have executed a new agreement, one constituting a novation. If they did there is a wrong party defendant. It will be noted that the last agreement, executed by two individuals, in the very first sentence, provides: "The following stipulations are amendments to contract dated September 27, 1962, and made a part thereof, and to superceed [sic] any agreements in conflict herewith made prior to this date of December 20, 1962, all other provisions of contract dated September 27, 1962, are reaffirmed."