60795. MORGAN v. WILLIAMS et al.

POPE, Judge.

The appellees, John Williams and Catherine Williams (sellers), Century 21 Better Homes, Inc. and French Whitten Realtors (brokers), sued the appellant, Marilyn Kay Morgan (purchaser), on a real estate contract. The appellees sought payment of the real estate commission, damages for breach of the real estate contract, punitive damages and attorney's fees. Appellees subsequently abandoned their claim for attorney's fees and punitive damages. The trial court directed a verdict in favor of appellant Morgan and against the appellees, John and Catherine Williams, on their claim for damages resulting from the breach of the real estate contract. Consequently, the only issue left for resolution was French Whitten Realtors' and Century 21 Better Homes, Inc.'s claim for payment of their real estate commission. At the close of all the evidence, the trial court directed a verdict in favor of French Whitten Realtors and Century 21 Better Homes, Inc. We affirm.

1. In the instant case, the real estate contract provided in pertinent part that "the Agent in negotiating this contract has rendered a valuable service and Seller agrees to pay Agent's commission in accordance with the listing agreement. *If sale is not consummated due to default of purchaser, Seller shall not be obligated to pay any commission, but Purchaser hereby agrees to pay said commission to said Agent.*" (Emphasis supplied.) (Morgan contends there was sufficient evidence of default, on the part of the appellees Mr. and Mrs. Williams, to submit the case to the jury. We disagree.)

Under the terms of the real estate contract, Morgan had the

right to inspect all of the mechanical systems in the house. After inspection, if any defects were found, the appellees, Mr. and Mrs. Williams, agreed to pay for the necessary repairs at their own expense. At closing, any liability of the Williams for the cost of repairs was terminated. On the day before the scheduled closing date, Morgan inspected the mechanical systems of the house. She discovered several defects. Morgan contends that Mr. and Mrs. Williams defaulted under the terms of the contract because they failed to make these repairs. However, an examination of the trial transcript reveals that the repairs were made before the closing. Mr. Williams testified that everything had been taken care of and his testimony was uncontroverted. Morgan testified that she didn't know if the repairs had been made or not, and, that even if they had been, she still would not have bought the house. Consequently, there was no evidence of default on the part of Mr. and Mrs. Williams. On the day set for closing, the Williams were present and prepared to close, but Morgan failed to appear. As the sale was not consummated due to the fault of Morgan, she was liable under the terms of the real estate contract for the real estate commission. *Brittain v. Russell,* 78 Ga. App. 719 (52 SE2d 38) (1949).

2. Morgan contends that the trial court erred in granting French Whitten Realtors' and Century 21 Better Homes, Inc.'s motion for a directed verdict because evidence was introduced showing that the extent of Morgan's liability, in the event the existing mortgage could not be assumed by Morgan, was the earnest money provided. Morgan relies on the following provision in the real estate contract as support for this proposition: "It is agreed by the purchaser that, in the event this application is disapproved by the lending agency, the cost of the credit report and direct expenses are to be deducted from the earnest money held by broker." At the outset, it must be noted that this provision was not operative under the facts in the instant case because the loan application signed by Morgan and her father was, in fact, approved by the bank. Contrary to Morgan's contention, this provision related only to the disposition of the earnest money in the event a certain contingency occurred, viz. that the bank failed to approve the loan application. It did not limit Morgan's liability for the real estate commission to the amount of earnest money. Accordingly, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 17, 1981.

*Eugene K. Swain,* for appellant.

*O. Wayne Spence,* for appellees.