## 64045. INTERCONTINENTAL INVESTORS, INC. v. GEORGIA DONUTS, INC.

DEEN, Presiding Judge.

The appellant lessee of the appellee's premises, on which is a doughnut-making establishment and retail shop, complains that the grant of a dispossessory judgment following a nonjury trial is illegal.

1. The business format of these entities is somewhat complicated. Georgia Donuts, Inc. is a wholly owned subsidiary of Dunkin' Donuts of America, Inc. Dunkin' Donuts franchises dealers who then enter into lease arrangements for premises owned or controlled by Georgia Donuts. The property here involved was leased

originally to Metro Donuts, Inc. by Georgia Donuts but, contemporaneously with the execution of a franchise agreement between appellant and Dunkin' Donuts the lease was assigned to Intercontinental, who moved in and conducted its bakery and coffee shop retail business from February, 1980, until termination. The lease called for a base rent plus 7 percent of gross sales in excess of a given amount, gross sales being defined therein as all sales made by the lessee on the premises. The term is also defined in the franchise agreement as all sales made by the franchisee pursuant to the agreement. The lease agreement further recites that the franchise agreement between the lessee and Dunkin' Donuts is in full force and effect, that the lease is subject to the franchise remaining in effect and that: "If said Franchise Agreement is terminated for any reason, then the lessor shall have the right to terminate this agreement." The method and time of giving termination notices is also stated in the lease.

Appellant agreed to pay Dunkin' Donuts, the franchisor, 4 percent of gross sales as an advertising fee and 4.9 percent of gross sales as a franchise fee. If the franchisee comes in default under its terms the franchise may be revoked by the franchisor on failure to cure after the number of days' notice specified for the type of default, but: "No Notice to Cure shall be given or required in the case of intentional under-reporting of gross sales or financial data."

The appellant tenant between February and September, 1981, received five notices of nonpayment of rent and/or tax escrow. Additionally, a final letter demanded surrender of the premises on failure to pay percentage rent in the amount of $1,469 due May 15 and September 15. On failure to cure, a notice of termination was delivered September 24 and the dispossessory sued out shortly thereafter.

The appellant first contends that there was no rent due because he contends wholesale sales were not meant to be included in the term "gross sales" and appellant should not be required to report and pay the percentage rent thereon, but that if in fact there was under-reporting (which is not contended to have been the result of accident or mistake) this should not authorize the franchisor to terminate the franchise. We cannot agree with this position. "Where the essentials of a contract are present and no rule of law appears to have been transgressed, the courts are powerless to interfere merely because in the respect indicated the agreement may be a harsh one." *Aspironal Laboratories v. Rosenblatt,* 34 Ga. App. 255, 256 (129 SE 140) (1925).

2. Although a subsidiary, the appellee Georgia Donuts, Inc. is a legal entity and owned or controlled the property leased to the

appellant. As the landlord it had the right to enforce the terms of the lease, one of which was to cancel it on due notice if the franchise was revoked. Appellant contends that the parent corporation was an indispensable party to this action but offers no support for this conclusion. Regardless of whether or not it might have been a proper party, it was not a necessary one nor did any harm accrue to the appellant because of failure to join it in the action.

3. The fact that the appellant denied or could not remember receiving some of the default notices introduced in evidence did not demand their exclusion from the evidence.

The trial court did not err in entering judgment in favor of the landlord.

*Judgment affirmed. Pope, J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED JUNE 9, 1982 —
REHEARING DENIED JUNE 23, 1982 —

*John Kirby,* for appellant.
*Bruce H. Beerman,* for appellee.